# N. Y. SUPERIOR COURT.

## Victor E. Mauger agt. Dundas Dick.

*Trade-mark — Injunction not granted to restrain publication of circular.*

An equitable action will not lie to restrain the defendant from interfering with the business of plaintiff by the publication of a circular alleged to contain false and fraudulent representations that certain parties are infringing his trade-mark rights by placing on the market imitations of his soft capsules and warning the trade that the defendant had the exclusive right to use the trade-mark, "soft capsules," according to law, and that he would promptly punish, to the full extent of the law, any encroachments on his rights.

The jurisdiction of a court of equity does not extend to false representations as to the character or quality of the plaintiff's property, or to his title thereto, when it involves no breach of trust or contract, nor does it extend to cases of libel or slander.

Equitable jurisdiction to restrain the use of a name, or a trade-mark or letters, rests upon the ground of plaintiff's property in his name, trade-mark or letters and of the unlawful use thereof.

Even admitting that the contents of the circular was false, that fact does not confer jurisdiction.

*Special Term, January*, 1878.

The action is brought to restrain the defendant from interfering with the plaintiff's business by threats, circulars and suits.

It appears, from the pleadings and the testimony, that the defendant, under the name of Dundas Dick & Company, in the year 1865, began the business of preparing and offering to the drug trade soft capsules, and that the plaintiff, from that time up to January, 1877, acted as general agent for the defendant for the sale of the said goods.

Capsules, hard and soft, are known as a device in pharmacy by which disagreeable medicines are enclosed in some jujube paste, or other gelatinous substance, and thereby rendered palatable when administered.

In the month of February, 1877, the plaintiff dissolved his connection with the defendant, and, under the name of "American Soft Capsule Co., Victor E. Mauger, agent," set up for himself in the same line of business; and, in May, 1877, the defendant, as alleged, falsely, fraudulently and maliciously contriving to injure the plaintiff in his business and to prevent competition, issued the following circular :

" To the wholesale and retail druggists of the United States :

"35 AND 37 WOOSTER STREET, NEW YORK, }
*May* 15, 1877. }

" GENTLEMEN. — We have been advised that certain parties are infringing our trade-mark rights by seeking to place in the market imitations of our soft capsules. We would therefore warn the trade of such goods, and state that since introducing our soft capsules, in 1865, we have advertised and characterized · our medicines under that name, and that we have the exclusive right to use the trade-mark 'soft capsules,' according to law. Therefore, we hereby give notice that we shall punish promptly, and to the full extent of the law, any encroachments on our rights, whether such be of a direct or indirect nature, and whether by selling or offering for sale any goods of that description bearing that name and not of our manufacture.

" No soft capsules are genuine unless bearing the signature of Dundas Dick & Co. on each box.

" Yours, very respectfully.

" DUNDAS DICK & CO."

The prayer of the complaint demands judgment enjoining and perpetually restraining the defendant and his agents,

&c., from further publishing or sending to persons or firms engaged in the drug trade in the United States the said false and threatening circular, or any other similar circular.

*Edward S. Babcock,* for plaintiff.

*Duell, Bell & Duell,* for defendants.

SPEIR, *J.* — I am unable to perceive how the plaintiff can maintain this action on any principle of equitable jurisdiction. He does not claim to restrain the use of a name or a trade-mark or the publication of letters, but the publication of a circular containing false and fraudulent representations that certain parties are infringing his trade-mark rights by placing on the market imitations of his soft capsules, and warning the trade that the defendant had the exclusive right to use the trade-mark "soft capsules," according to law, and that he would promptly punish to the full extent of the law any encroachments on his rights. The circular is not addressed to the plaintiff, but to the trade. It is true the complaint sets forth specific instances in which the persons therein named, who had intended to make purchases of him, had been deterred therefrom by written representations of the purport set forth in the circular, and who had been induced thereby to withdraw their custom from the plaintiff. There is no reference therein to the plaintiff or his business, except as the facts might apply to him. It does not appear that the plaintiff was under any obligation or duty to protect the persons or public threatened by the circular, if they should do the acts therein denounced. The plaintiff's goods were not presented to the public by labels or boxes in which they were inclosed at all resembling the goods prepared and put upon the market by the defendant. The jurisdiction of a court of equity does not extend to false representations as to the character or quality of the plaintiff's property, or to his title thereto, when it involves no breach of trust or contract, nor

does it extend to cases of libel or slander. Equitable jurisdiction to restrain the use of a name or a trade-mark or letters, rests upon the ground of plaintiff's property in his name, trade-mark or letters, and of the unlawful use thereof.

The complaint alleges no trust or contract between the parties, and no use of the plaintiff's name, but only that the defendant made false and fraudulent representations that the articles manufactured by certain persons in the trade were infringements of letters-patent to which the defendant has a legal and exclusive right. If it be admitted, as claimed by the plaintiff, that the contents of the circular were false, that fact does not confer jurisdiction.

If the plaintiff has any remedy, it is by action at law (*Wolfe et al.* agt. *Burke et al*, 56 *N. Y.*, 115; *Boston Diatete Co.* agt. *Florence Man'f'g Co.* 114 *Mass.*, 169.)

The complaint must be dismissed.