THE GRAND RAPIDS SCHOOL FURNITURE COMPANY v. THE HANEY SCHOOL FURNITURE COMPANY, ELIJAH HANEY, AND GEORGE A. BULLARD.

*Equity jurisdiction—Enjoining use of decree fraudulently obtained.*

A manufacturer and patentee will be restrained from using a decree, fraudulently and collusively obtained, to the injury of the complainant, who is engaged in a like manufacturing business, and from claiming that the decree is an adjudication upon the merits as to the validity of the patent, or from using the decree in any way or form to influence any person against purchasing the articles manufactured by the complainant, who, as claimed, is infringing said patent, it being admitted that the complainant is able to establish the absolute invalidity of the patent in any court having jurisdiction of the question, and is lawfully entitled to its use.

_____
[1] Act No. 229, Laws of 1887.

Appeal from Kent.   (Grove, J.)   Argued June 14, 1892. Decided July 28, 1892.

Bill to enjoin the use of a decree, fraudulently and collusively obtained, to the injury of complainant.   Complainant appeals from decree dismissing bill on demurrer. Reversed, with leave to answer.   The facts are stated in the opinion.

*Taggart, Wolcott & Ganson,* for complainant, contended for the doctrine of the opinion.

*Taggart & Denison,* for defendants, contended:

1. Equity will not enjoin the publication or circulation of a libel or slander; citing Eden, Inj. 374; *Francis v. Flinn,* 118 U. S. 389.

2. The weight of authority is against the maintenance of a bill to enjoin a libel; citing *Assurance Co. v. Knott,* L. R. 10 Ch. App. 142; *Boston Diatite Co. v. Manufacturing Co.,* 114 Mass. 69; *Whitehead v. Kitson,* 119 Id. 484; *Kidd v. Horry,* 28 Fed. Rep. 773; *Wheel Co. v. Bemis,* 29 Id. 95; and the contrary doctrine announced in *Emack v. Kane,* 34 Fed. Rep. 46, is expressly disapproved in *Tooth-Crown Co. v. Carmichael,* 44 Fed. Rep. 350, in which it is pointed out that the conflict between *Emack v. Kane* and *Kidd v. Horry* is settled in favor of the doctrine of the latter case in *Francis v. Flinn,* 118 U. S. 385.   And see *Gas Co. v. Kansas City, etc., Co.,* 100 Mo. 501 (13 S. W. Rep. 874); *Mayer v. Association,* 47 N. J. Eq. 519 (20 Atl. Rep. 492).

LONG, J. · The bill of complaint in this case alleges that the complainant is a manufacturing corporation, having its office and manufactory at Grand Rapids; that ever since its organization, in 1887, the defendants have been engaged in circulating thousands of circulars, containing the statement that the goods of complainant infringed a certain patent issued to the defendant Haney, who was and is the president of the corporation, and threatening to bring suit against any and all persons purchasing or using goods of the complainant's manufacture; that these claims and threats were made in bad

faith, and with full knowledge that the patent was invalid, and that the complainant was in possession of facts and proofs sufficient to defeat any suit that might be brought for its infringement; that said threats were made for the purpose of intimidating parties who were likely to be customers of the complainant, and had to a considerable extent accomplished their object, but, no suits having been brought for infringement of said patent, the threats had lost their force, and hence a fraudulent and collusive suit had been instituted for the purpose of obtaining a decree which could be used to deceive and intimidate the public; that such decree had been obtained, and the defendants had begun to use it for the purpose aforesaid, and were intending so to use it continuously, and on a very large scale, to the great injury of the complainant's business, though the amount of such injury was very difficult to prove or determine by any accurate measure.

The prayer of the bill is that the defendants may be perpetually enjoined and restrained from stating, publishing, or claiming, in any manner, that the said decree is anything other or different from a decree obtained by collusion, and from claiming that it is an adjudication upon the merits as to the validity of the said Haney patent, and from using such decree in any way or form to influence or threaten any person or party against purchasing the school furniture manufactured and sold by the complainant.

To this bill the Haney School Furniture Company, one of the said defendants, filed a general demurrer, and, the case having come on to be heard thereon, the court held that the bill of complaint did not set up any facts giving a court of equity jurisdiction to grant relief, and entered a decree sustaining the demurrer, and dismissing the complainant's bill.

From this decree the complainant appeals to this Court.

The English courts, by recent decisions, have exercised the injunctive jurisdiction to restrain injurious publications concerning property which operates as a slander of the owner's title, and libelous publications which are injurious to the plaintiff's business, trade, or profession, and the wrongful use of a name by which the public would be misled and the plaintiff injured in his business. Thus far, however, most of the American courts seem unwilling to follow the example of the recent English decisions, and decline to extend the jurisdiction so as to restrain such torts as libels on business, slanders of title, and the like. In Massachusetts the English decisions are expressly repudiated. *Boston Diatite Co. v. Manufacturing Co.*, 114 Mass. 69; *Whitehead v. Kitson*, 119 Id. 484. Injunctions to restrain libelous publications concerning plaintiff's business were also refused in *Association v. Boogher*, 3 Mo. App. 173; *Mauger v. Dick*, 55 How. Pr. 132; and *Singer Manfg. Co. v. Domestic Sew. Mach. Co.*, 49 Ga. 70.

In the case of *Emack v. Kane*, 34 Fed. Rep. 46, Judge Blodgett allowed the injunction. It appeared that Kane issued and widely distributed circulars in which he claimed that Emack's goods infringed his patent. He stated that he should not sue Emack, but should bring suits against all customers of Emack, and collect royalty and damages from all of them. Judge Blodgett said:

"The *gravamen* of this case is the attempted intimidation by the defendant of complainant's customers by threatening them with suits which defendant did not intend to prosecute. * * * If a court of equity cannot restrain an attack like this upon a man's business, then the party is certainly remediless, because an action at law in most cases would do no good, and ruin would be

accomplished before an adjudication could be reached."

In the recent case of *Casey v. Typographical Union*, 45 Fed. Rep. 135, the case of *Emack v. Kane, supra*, was cited and approved by Judge Sage. It appeared in the Casey case that parties had conspired together to injure the complainant in his business. Circulars were gotten out and widely distributed, containing threats of pecuniary loss and injury to those who should do business with the complainant. The claim was made in that case, as in this, that equity had no jurisdiction, because the injurious publication was merely a libel on complainant's business, and, for any loss which the union inflicted, he had a plain and adequate remedy at law. Judge Sage remarked, however, that it is idle to say that such publications are nothing more than libels, and that the only remedy for the injury inflicted is an action at law; that, while they have certain characteristics of libels, they are more than libels, and there is no plain and adequate remedy at law for such injuries.

We think the bill in this case states a case materially different from the Massachusetts cases and the other cases holding that equity has no jurisdiction to restrain a libel. Here it is claimed and alleged in the bill that Elijah Haney and the Haney School Furniture Company entered into a conspiracy with defendant Bullard to obtain a decree in favor of Haney and against Bullard, which might and should be used by the conspirators to injure the complainant. The fact is recited that, in pursuance of such conspiracy, a bill was filed in the United States court for the eastern district of Michigan, and a decree obtained by fraud and collusion, for the purpose of benefiting the trade of the Haney School Furniture Company at the expense of complainant; that the defendants well knew the patent was invalid, and

that the complainant was in possession of facts and proofs sufficient to defeat any suit that might be brought for the infringement of said patent.

The prayer of the bill is, not that defendants be enjoined from making whatever claims they see fit concerning their patent, nor from threatening to bring suits, even though such threats be made in bad faith; but that the defendants be restrained from using a decree, fraudulently and collectively obtained, to the injury of complainant, and from claiming that such decree is an adjudication upon the merits as to the validity of such patent, or from using it in any way or form to influence or threaten any person or party against purchasing the school furniture manufactured and sold by complainant.

The case, as stated in the bill, is certainly more than a mere claim for an injunction arising out of a libel of complainant's business. A conspiracy is claimed to have been entered into between the defendants for the very purpose of injuring the complainant, and that by such conspiracy a false and fraudulent decree was obtained, settling the rights of the Haney School Furniture Company to the patent under which the complainant was and is operating; that the defendants were publishing to the world, and especially to the customers of the complainant, that such decree was valid, the defendants well knowing it to be false and fraudulent, and that, in any court where the complainant had the right to appear and be heard, it could establish the fact that such patent was absolutely void, and that Mr. Haney and the Haney School Furniture Company had no rights under it, and that complainant was legally entitled to its use.

Admitting that the weight of authority in this country is against the proposition that a court of equity has jurisdiction by injunction to restrain the publication of a

libel upon one's business, it is no answer to the questions here raised. The complainant has no adequate remedy at law, under the circumstances here stated. It cannot be said that it should lie by and wait the slow and uncertain processes of a suit for damages for its redress. Under the charge in the bill, which we must take as true, the complainant is rightfully operating under such patent, and it has no remedy adequate for the fraud and wrong perpetrated upon it, except as aided by a court of equity. The facts stated make a much stronger case than those in *Casey v. Typographical Union, supra,* calling for the aid of the injunctive power of a court of equity.

The decree of the court below must be reversed, with costs, and the demurrer overruled. The defendants will have 20 days to answer the bill.

The other Justices concurred.