## 30187. DEAN v. BOLTON.

PER CURIAM.

This appeal is from a judgment that denied injunctive relief sought by the appellant against the Attorney General. We affirm that judgment.

On January 29, 1975, the Lieutenant-Governor requested the Governor to request the Attorney General to conduct an investigation into the travel and expense

account vouchers of the appellant, a member of the General Assembly. On January 30, 1975, the Governor requested the Attorney General to make such an investigation. On January 31, 1975 the Attorney General advised the appellant that the investigation would be undertaken, and that he, the appellant, had the right to withhold any information sought from him in connection with the investigation. No information was obtained by the Attorney General from the appellant himself. However, the Attorney General did obtain information in connection with the investigation of the appellant from other persons, some of such information being obtained through the issuance of subpoenas.

The General Assembly was in session from the time of the Governor's request until adjournment on March 25, 1975.

On March 3, 1975, the appellant filed a complaint in the trial court against the Attorney General and another party who was thereafter dismissed as a party in the action. The complaint sought to temporarily and permanently enjoin the Attorney General from investigating appellant's official conduct as a member of the General Assembly. After a hearing on March 3, 1975, appellant's request for a temporary restraining order against the Attorney General was denied by the trial judge, the order of denial being filed March 4, 1975. Following the March 3 hearing the Attorney General discontinued his investigation until after adjournment of the 1975 session of the General Assembly.

Responsive pleadings were filed by the Attorney General on March 12, and the case was set for a hearing on appellant's application for a temporary injunction on April 7. On April 7 the appellant filed an amendment to his complaint in which he sought to permanently enjoin the Attorney General "from divulging, disclosing or in any manner using any portion of the evidence, documents or information obtained by him, or traced therefrom, as a result of the investigation into the official conduct" of the appellant. The parties also consented at the April 7 hearing that the trial judge could hear the case and enter a final judgment.

The trial judge heard the case, thereafter entered

written findings of fact and conclusions of law, and rendered a judgment denying all relief sought by the appellant against the Attorney General. The appellant has come here for review of that final judgment.

Appellant contends that the Attorney General, a member of the executive branch of the government, is constitutionally prohibited from investigating the official conduct of a member of the legislative branch of the government. His argument is predicated upon the separation of powers provision in our Constitution (Code Ann. § 2-123), which reads: "The legislative, judicial and executive powers shall forever remain separate and distinct, and no person discharging the duties of one, shall, at the same time, exercise the functions of either of the others, except as herein provided."

Let it be sufficient here to say that this constitutional provision does not prohibit a person in the executive branch of the government or a person in the legislative branch of the government from investigating the official conduct of any person performing duties in any branch of the government.

The General Assembly may by statute place limitations on such investigations or enact procedures for such investigations, but there is no constitutional prohibition against such investigations.

The appellant also argues that the Attorney General could not and cannot make an investigation of the official conduct of a member of the legislative branch of the government during a session of the legislature. This argument is based upon Sec. 5 of a 1943 statute which says that the Attorney General is "empowered at any time, other than when the General Assembly is in session, to institute and conduct investigations into the affairs of any department, agency, board, bureau, commission, institution or authority of the State; . . ." Ga. L. 1943, pp. 284, 286. The Attorney General counters that his investigation was made under Sec. 9 of that same 1943 statute (p. 287) which reads: "The Governor may at any time direct the Attorney General to conduct an investigation into the affairs of any department of the State or into the official conduct of any State Official, or employee, or into the affairs of any person, firm or

corporation dealing with the State." His argument is that though he, the Attorney General, cannot initiate investigations himself during a session of the legislature, at the direction of the Governor such investigations can be initiated at any time. It is interesting to note that a 1975 statute, not applicable in this case, provides that the Attorney General can institute investigations at any time, except that he cannot "commence or carry on any investigation or to issue any subpoenas to anyone for the purpose of investigating any member of the General Assembly while the General Assembly is in any regular or called session." Code Ann. § 40-1615.

The appellant's complaint was originally filed to stop the investigation by the Attorney General. The record shows that from the date of the filing of the complaint until the adjournment of the legislative session, the investigation was stopped by the Attorney General. We have already ruled that the appellant had no right to permanently prohibit such an investigation by a member of the executive department; assuming but not deciding that the appellant had the legal right to stop the investigation during a session of the legislature, it seems clear to us that the complaint accomplished that purpose, because the investigation was discontinued upon the filing of the complaint; and that merely leaves for consideration the status of information procured by the Attorney General during his investigation prior to the filing of the complaint.

During that time-frame no information was obtained from the appellant himself, but some was obtained from other parties. After adjournment of the legislature, the appellant, by an amendment filed to his complaint on April 7, sought to enjoin the Attorney General from disclosing or using the information, or any other information traced or flowing therefrom, secured by the Attorney General during the alleged illegal investigation prior to the time of the filing of the complaint.

On oral argument, the parties argued at length the issue whether this information should be suppressed in a pending criminal prosecution against the appellant. That question is not before us for several reasons. First, the issue is not raised in the pleadings. Second, it is

elementary that equity will not enjoin or interfere with a pending criminal proceeding. Third, any attempt to suppress evidence in a criminal case must be raised by motion in that case. In short, this is not a suppression-of-criminal evidence case; it is an injunction-against-disclosure-of-any-kind case.

The appellant's prayer for a temporary injunction against the Attorney General's investigation during the legislative session became moot upon the adjournment of the session. Moreover, the Attorney General stopped his investigation after the complaint was filed and did not resume it until the session was terminated. The only question remaining is whether the Attorney General can be enjoined from disclosing any information he obtained during the legislative session. The answer is the same today as it has always been. "It is well settled that an injunction will not be granted to restrain slander or libel of title or of reputation .... Not that it is not a wrong, not that the wrong might not be irreparable, but simply because Courts of chancery, in the exercise of the extraordinary powers lodged in them, have uniformly refused to act in such a case, leaving parties to their remedy at law." *Singer Mfg. Co. v. Domestic Sewing Machine Co.*, 49 Ga. 70, 73 (1873).

In short, the disclosure or use of information obtained during an investigation, even assuming that the investigation was being illegally conducted, is not subject to being enjoined by a court of equity.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1975 — DECIDED NOVEMBER 18, 1975.

*Wesley R. Asinof, Byrd, Groover & Buford, Denmark Groover, Jr., Huie, Ide & Brown, W. Stell Huie,* for appellant.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Andrew J. Ekonomou,* for appellees.