## 68520. BREWTON v. ROWELL et al.
(325 SE2d 610)

BENHAM, Judge.

Appellant, a county commissioner, was found to be in contempt of an order of the trial court enjoining the unauthorized use of county equipment and requiring that expenditures of county funds for projects of certain types be approved by the county commission at public meetings. The sole issue for our determination is whether the trial court erred in holding appellant in contempt.

Appellant argues that the particular project for which he authorized the expenditure of county funds was within his administrative powers and, therefore, not within the ambit of the trial court's injunction. However, the trial court's order did not draw fine distinctions between the various functions of county commissioners, and the evidence that appellant did the acts prohibited in the first order was undisputed. Appellant also argues that there was no support for the trial court's determination that the disobedience of its order was wilful. The basis for that argument is the fact that appellant sought the advice of counsel before proceeding with the conduct for which he was subsequently found to be in contempt. That fact alone will not insulate appellant from a finding of wilfulness (*Pearce v. Pearce,* 244 Ga. 69 (257 SE2d 904) (1979)), and the record in this case reveals an evidentiary basis for the trial court's finding of wilfulness: a witness who observed and overheard a conversation between appellant and the Chairman of the Board of Commissioners testified that when the Chairman remonstrated with appellant concerning action the Chairman believed to be in violation of the court order, appellant suggested that if the Chairman wanted to put appellant in jail he should do so; appellant testified that he knew before commencing the work that the Chairman believed the work to be in violation of the court order and that when the Chairman said so directly to him, appellant responded that he had begun the job and he would finish it. "The trial court in a contempt case has wide discretion to determine whether his orders have been violated. His determination will not be disturbed on appeal in the absence of an abuse of discretion. [Cits.]" *Kaufmann v. Kaufmann,* 246 Ga. 266, 269 (271 SE2d 175) (1980). We find no such abuse of discretion in the present case.

It is apparent from appellant's argument that he disagrees with the trial court's order enjoining certain activities by named commissioners, but even if the order was erroneous, it was entered in a matter over which the court had subject matter jurisdiction, and disobedience of the order is contempt of court. *Pearson v. George,* 211 Ga. 18 (3) (83 SE2d 593) (1954).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 21, 1984 —
REHEARING DENIED DECEMBER 19, 1984 — 

*M. Francis Stubbs, Joseph D. McGovern, Albert Rahn III,* for appellant.

*J. Stanley Smith, Jr.,* for appellees.