44309. HIGH COUNTRY FASHIONS, INC. et al. v. MARLENNA FASHIONS, INC.
(357 SE2d 576)

SMITH, Justice.

The appellee, Marlenna Fashions, Inc., filed a complaint against the appellant, High Country Fashions Inc. et al., in which, inter alia, it asserted that the appellants committed tortious, unfair, and deceptive acts or practices in the conduct of their business with the intent to harm the appellee. The deceptive acts or practices allegedly included making disparaging statements to prospective customers of the appellee regarding the appellee's business, publishing materials which contained untrue misleading statements and other false information, and giving other false information to prospective customers. The appellee alleged that such practices violated OCGA § 10-1-372 (a) (8) and (12), thereby entitling the appellee to an injunction to prevent continuing violations of the provisions of the Uniform Deceptive Trade Practices Act. An interlocutory injunction was granted in which the appellants were "ordered, restrained and enjoined, jointly and severally, from making or distributing any false or misleading statements, whether orally or in writing, concerning the [appellee] pending final adjudication of all issues in the above-styled action

. . ." We reverse.

In upholding an injunction to restrain publication of libelous material, this court cited *Pittsburgh Press Co. v. Pittsburgh Comm. on Human Relations*, 413 U. S. 376, 390 (93 SC 2553, 37 LE2d 669) (1973) for the proposition that " 'it has never been held that all injunctions (against publication) are impermissible.' " *Retail Credit Co. v. Russell*, 234 Ga. 765, 779 (218 SE2d 54) (1975). The injunction upheld in that case was entered subsequent to a verdict in which a jury found that statements made by Retail Credit were false and defamatory. Id. at 778.

Two years later, then Justice Marshall, now Chief Justice Marshall, writing for the court reversed an interlocutory injunction and stated that "[w]hether viewed as controlled by the rule itself or by the prior exception, the grant of the interlocutory injunction in this case was improper. The appellee has simply failed to show that it would be irreparably harmed by the sign on the appellants' property . . . In regard to the constitutional issues raised by this case, it is sufficient to state in addition that the party seeking to justify a prior restraint on speech carries a heavy burden and that this burden has not been met in the present case." *Pittman v. Cohn Communities, Inc.*, 240 Ga. 106, 110 (239 SE2d 526) (1977).

Almost ten years later we reversed a preliminary injunction that sought to enjoin allegedly false and libelous material prior to a final determination that the specific material complained of was false and libelous. The Court exhibited its firm policy to protect the right of free speech by stating that, "[h]istory has taught us to carefully guard our hard earned right to free speech. Our constitution provides, 'Every person may speak, write, and publish sentiments on all subjects but shall be responsible for the abuse of that liberty.' Art. I, Sec. I, Par. V. Thus we follow the general rule that 'equity will not enjoin libel and slander.' *Pittman v. Cohn Communities, Inc.*, 240 Ga. 106, 108 (239 SE2d 526) (1977). But, see *Retail Credit Co. v. Russell*, 234 Ga. 765, 778 (218 SE2d 54) (1975)." *Brannon v. American Micro Distributors*, 255 Ga. 691, 692 (342 SE2d 301) (1986).

*Judgment reversed. All the Justices concur.*

DECIDED JULY 8, 1987.

*MacIntyre & Weyant, Daniel I. MacIntyre IV, Edward H. Saunders,* for appellants.

*Hines & Lowendick, Gregory T. Presmanes, James G. Jackson,* for appellee.