S90A1682. FERNANDEZ v. NORTH GEORGIA REGIONAL
MEDICAL CENTER, INC. et al.
S90X1683. GHATTAS et al. v. FERNANDEZ et al.
(400 SE2d 6)

FLETCHER, Justice.

The parties to this appeal are involved in the sale of the assets of a Georgia corporation. Various legal actions regarding issues related to this appeal are pending below.

Appellant Fernandez obtained a temporary restraining order to prevent the appellees/cross-appellants from taking certain actions which would affect the sale. Maintaining that they had not received proper notice of the TRO, appellees/cross-appellants Ghattas and Meyer moved to dissolve it. Following a hearing on the motion to dissolve, the trial court entered an order which kept in effect the provisions of the TRO, and required the parties to close the sale and place the proceeds in escrow. The trial court further enjoined the individual parties from contacting the corporation's employees, suppliers or creditors to discuss corporate business or ownership issues. The trial court also enjoined the individual parties from distributing "any information or documents" to members of the general public, corporate employees, creditors or vendors of the corporation "that in any way relates to the operation and transaction of business" of the corporation. The sale was closed and the proceeds were placed in escrow. Subsequently all parties entered into a consent order which made the

escrow agreement between the parties an order of the court. In the consent order, the parties agreed that the trial court's previous order would have the effect of an interlocutory injunction without necessitating another hearing, and that the interlocutory injunction would become a permanent injunction if the parties took no further action to set it aside. That same day appellant Fernandez filed an application to this court to appeal the trial court's original ruling.[1] In case no. S90A1682, Fernandez appeals that portion of the trial court's order which enjoins him from discussing or soliciting information about the corporate business. In their cross-appeal, case no. S90X1683, Ghattas and Meyer complain that the trial court erred in continuing in effect the provisions of the TRO.

### Case No. S90A1682

1. The appellees take the position that Fernandez has no right to appeal the injunction entered by the trial court since he subsequently entered into a consent order which agreed to the injunction. However, our study of the record leads us to conclude that Fernandez agreed to the consent order to preserve the status quo and to avoid the necessity of an additional hearing while this issue could be appealed. In the escrow agreement which was made a part of the consent judgment, Fernandez states that he waives none of his rights against any of the parties. Further, Fernandez filed his appeal to this court the same day he signed the consent judgment.

We agree with Fernandez that the trial court erred in enjoining him from discussing or soliciting information about the business operations of the corporation.[2] As stated by Ghattas and Meyer and shown by the record, the purpose of the trial court in entering this injunction was to prevent Fernandez from making "misleading and false statements to the community" about the operation of the corporation. However, " 'equity will not enjoin libel and slander.' " *Brannon v. American Micro Distributors*, 255 Ga. 691, 692 (342 SE2d 301) (1986); *Singer Mfg. Co. v. Domestic Sewing Machine Co.*, 49 Ga. 70 (1873).

### Case No. S90X1683

2. In his brief, Fernandez states that he "is not in disagreement" with the contentions of Ghattas and Meyer as to the relief sought in the cross-appeal, and consents to the lifting of the provisions of the

---

[1] This court granted the application on the ground that the issues relating to the injunction were directly appealable. OCGA § 5-6-34 (a) (4).

[2] Specifically, we refer to those matters contained in paragraphs 8 and 9 of the order of July 27, 1990.

TRO against them. Therefore, without deciding whether the cross-appellants received adequate notice of the TRO, this case is remanded to the trial court with the direction that the provisions of the TRO against Ghattas and Meyer be lifted.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED JANUARY 31, 1991.

*Mitchell, Coppedge, Wester, Bisson & Miller, Erwin Mitchell, Warren N. Coppedge, Jr., James H. Bisson III, William F. Jourdain,* for Fernandez et al.

*Harmon, Smith, Bridges & Wilbanks, Marlan B. Wilbanks, Thomas R. Todd,* for North Georgia Regional et al. and Ghattas et al.