A97A1184. MAY v. COUNTY COMMISSIONERS OF GLASCOCK COUNTY et al.
(490 SE2d 546)

Judge Harold R. Banke.

After the Glascock County Commissioners ("Commissioners") entered into a contract for the construction of a fire station, Leanna May sued them for, inter alia, violating the Open Meetings Act. Although it temporarily enjoined construction until the Commissioners complied with the Open Meetings Act, the trial court ultimately denied the relief May sought. In her appeal, May enumerates three errors.

This case arose after the Commission convened a meeting without publicly posting the date, time, or place in a conspicuous location available to the public. At this meeting, the Commission decided to construct a steel frame fire station directly in front of May's house and awarded the contract to L. A. Brett & Sons, Inc. ("Brett"). After a hearing, the trial court halted all work under the contract until the Commission complied with the Open Meetings Act. See OCGA § 50-14-1 (b). The Commission then advertised in the local paper for construction bids on the firehouse weekly for four weeks and posted the proposed building's specifications in the Commission office. After the County received three sealed bids, the Commission published notice of a special meeting to award the bid for the fire station.

The Commission's specifications included a 14-day completion requirement. Two of the three bids affirmatively indicated that the fourteen-day requirement could not be met and estimated the date of completion at over sixty days. The third bid placed no limitations on

the completion date. The Commission voted to award the job to the third and highest bidder, Brett. It also amended the budget to transfer capital from the contingency fund to a special account for the construction of the fire station.

May subsequently sought to enjoin construction on the ground that the Commission interfered with competition on the bid on the firehouse by awarding it to Brett, the highest bidder. In addition, May amended her complaint, alleging that the expenditure for the firehouse was illegal. May also filed a motion for contempt, claiming the Commission violated the trial court's order to comply with the Open Meetings Act.

The trial court denied May's requests for relief, concluding that she failed to present sufficient evidence to justify an injunction or to show that the Commission interfered with competition for public works bidding. It also found the Commission had complied with the Open Meetings Act. *Held*:

1. The record on appeal, which is incomplete, provides no support for May's contention that the Commission continued to violate the Open Meetings Act after the trial court ordered compliance with it.[1] *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990) (party asserting error has burden to show it affirmatively by the record). May claims that the Commission failed to give proper notice of letting the contract or to arrange for public deliberation of the specifications.

Absent an affirmative showing of error on the record, we must assume the trial court's judgment was correct. *Mullins v. Columbia County*, 202 Ga. App. 148, 150 (413 SE2d 489) (1991). Here, the trial court specifically found that the Commission had complied with the Open Meetings Act and substantially complied with the Public Works Act. In addition, it denied May's motion for contempt (for violating the order requiring compliance with the Open Meetings Act) and found that she failed to produce evidence sufficient to justify an injunction. Because nothing in the record before us counters those findings, we must affirm.

2. This same reasoning applies to May's contention that the trial court erred by refusing to enjoin the Commission from allocating funds for the fire station. May argued that amending the budget was illegal absent proof of a change in factual circumstances not foreseeable when the fiscal year budget was passed.

However, local governments are authorized to amend their budgets "so as to adapt to changing governmental needs during the fiscal year." OCGA § 36-81-3 (d). May provided no authority prohibiting the

---

[1] No transcript was provided on appeal.

amendment as a matter of law. Nor did she offer proof that changing governmental needs did not justify the budget amendment. Thus, in the absence of a transcript or other record support, we must affirm the trial court's refusal to enjoin all expenditures for the firehouse for lack of sufficient evidence. Id.

3. In her final enumeration, May contends that the Commission interfered with competition for public works bids by specifying the brand name of the metal building it wanted to house the fire station. The trial court specifically found that May failed to prove that claim. Absent some evidence to the contrary, that finding must be affirmed. Id. Moreover, we question whether this issue was properly raised in the trial court. *S & S Food Svcs. v. Dept. of Transp.*, 222 Ga. App. 579, 580 (1) (475 SE2d 197) (1996) (arguments raised for the first time on appeal will not be considered).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED AUGUST 1, 1997.

*Law Office of John J. Pilcher, Daniel S. Levy*, for appellant.
*Fowler & Wills, Samuel A. Fowler, Jr.*, for appellees.