S98A0157. COHEN v. ADVANCED MEDICAL GROUP OF GEORGIA, INC.
(496 SE2d 710)

HUNSTEIN, Justice.

Advanced Medical Group of Georgia, Inc. (AMG) brought suit against Paul Cohen, M.D., alleging libel, slander, and violation of the Uniform Deceptive Trade Practices Act (UDTPA), OCGA § 10-1-372 et seq. AMG asserted that in the course of Cohen's communications with public officials, law enforcement agencies and AMG clients (who were also Cohen's patients), Cohen had made disparaging statements that AMG had overcharged, defrauded and intimidated patients and that Cohen had not been paid by AMG for medical ser-

vices Cohen had provided the patients. AMG sought an interlocutory injunction pursuant to the UDTPA. The trial court entered an order enjoining Cohen from communicating, orally or in writing, to any current or former patients of AMG "any false information concerning AMG, its representatives, or any medical provider associated with AMG"; "that he has not been paid by AMG"; "that AMG, or AMG's representatives . . . have violated any law, except where there has been a conviction and sentence, and only then the bare bones of the charge and sentence; and further, only when necessary to preserve a bona fide physician-patient relationship, and for no other purpose"; "that AMG, or AMG's representatives, or medical providers associated with AMG, have engaged in financial impropriety with respect to patient fees and expenses, or with respect to insurance claims relating to patient visits"; or "in content or in a manner intended to disparage the business or medical practice of AMG." We reverse.

While AMG, in support of the trial court's order, cites our holding in *Retail Credit Co. v. Russell*, 234 Ga. 765, 779 (218 SE2d 54) (1975), that " 'it has never been held that all injunctions (against publication) are impermissible,' " the injunction upheld in that case "was entered subsequent to a verdict in which a jury found that statements made by Retail Credit were false and defamatory. [Cit.]" *High Country Fashions v. Marlenna Fashions*, 257 Ga. 267, 268 (357 SE2d 576) (1987). In this case, as in *High Country Fashions*, we find that appellee AMG has failed to carry the heavy burden to show that it would be irreparably harmed by Cohen's communications so as to justify the prior restraint on speech. Consistent with this Court's firm policy to protect the right of free speech, we apply the general rule that "equity will not enjoin libel and slander," and therefore reverse the grant of the interlocutory injunction on the ground that it constitutes an impermissible prior restraint. See id.; see also *Ga. Soc. of Plastic Surgeons v. Anderson*, 257 Ga. 710 (5) (363 SE2d 140) (1987); *Brannon v. American Micro Distributors*, 255 Ga. 691 (342 SE2d 301) (1986); *Pittman v. Cohn Communities*, 240 Ga. 106 (239 SE2d 526) (1977).

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 9, 1998.

*Small, White & Marani, Gus H. Small, Jr.,* for appellant.
*Hipes & Norton, Albert L. Norton,* for appellee.