A05A1307. PARLAND v. MILLENNIUM CONSTRUCTION
SERVICES, LLC et al.
(623 SE2d 670)

RUFFIN, Chief Judge.

Millennium Construction Services, LLC ("Millennium") and Ronald Brewington obtained an interlocutory injunction prohibiting Rodney Parland from, inter alia, contacting Millennium's customers and using Millennium's name to conduct business. The DeKalb County Superior Court later found Parland in wilful contempt of the injunction and ordered him to pay Millennium and Brewington's attorney fees. Parland appeals, and for reasons that follow, we affirm the trial court's finding of contempt, but reverse its award of attorney fees.

Brewington, who established Millennium, claimed that Parland, a former salesman for the company, was improperly using a website created for Millennium and contacting Millennium's customers. In April 2004, the trial court granted a temporary restraining order that enjoined Parland from conducting business under Millennium's name, contacting Millennium's customers, or using Millennium's website. On August 11, 2004, after a hearing, the trial court granted an interlocutory injunction against Parland, prohibiting him from, among other things, using Millennium's name to conduct business, interfering with Millennium and Brewington's business relationships with subcontractors and customers, contacting any of their customers, or "using [Millennium or Brewington's] name, information and property on [his] website. [Parland] must remove said information, property and logo by August 20, 2004."

On September 1, 2004, Millennium and Brewington brought a contempt action against Parland, alleging that he violated the injunction by contacting Millennium's customers and operating a website that purported to be that of Millennium. After a hearing, the trial court found Parland in wilful contempt of its previous orders because he had contacted Millennium's customers and "maintain[ed] a business website clearly using and appropriating the 'Millennium' name

and association." The trial court ordered Parland to pay $2,000 in attorney fees to Millennium and Brewington. In four enumerations of error, Parland asserts that the trial court erred in (1) finding that he wilfully violated the terms of the interlocutory injunction, and (2) awarding Millennium and Parland attorney fees.

1. We will not overturn a trial court's decision that a party is in contempt of court for violating an injunctive order absent an abuse of discretion.[1] "If there is any evidence from which the trial court could have concluded that its order had been violated, this court is without power to disturb the judgment."[2]

(a) Parland first contends that he was not in contempt of the interlocutory injunction because it did not require him to shut down the "Millennium" website he operated, but merely to remove from it all references to "Millennium Construction Services, LLC." Parland is correct that the injunction only required him to cease using Millennium's name, information, and property; however, the trial court specifically found him to be in violation of this requirement by using the Millennium name on his website. Ample evidence of Parland's violation of the court order was introduced at the hearing, including screen prints of the website, which promoted "Millennium Construction Services" and "Millennium Construction and Flooring Services, LLC." Despite Parland's testimony that he had "turned [the] website over" to an unrelated company called Millennium Construction, the website gave as contact information Parland's wife's business address and telephone number, and Parland's voice was on that number's voice mail message. This evidence is sufficient to support the trial court's finding that Parland wilfully violated its order to cease using Millennium's name on his website to promote his business.[3]

(b) Parland argues that Millennium and Brewington presented no probative evidence that he had contact with their customers. He correctly points out that much of the testimony by Millennium and Brewington's witnesses about Parland's contact with customers was speculative and not admitted by the trial court. Nonetheless, Parland himself testified that he had a number of conversations with Millennium's customers, beyond simply informing them that he was not associated with Millennium or Brewington. Under the any evidence

---

[1] See *Ponder v. Ponder*, 172 Ga. App. 372 (1) (323 SE2d 210) (1984).

[2] Id.

[3] See *Lee v. Environmental Pest &c.*, 243 Ga. App. 263, 264 (2) (533 SE2d 116) (2000); *Grantham v. Universal Tax Systems*, 217 Ga. App. 676, 677 (1) (458 SE2d 870) (1995) (evidence that defendant continued to engage in enjoined activities sufficient to support finding of wilful violation of injunctive order).

standard, this is a sufficient evidentiary basis for the trial court's finding that Parland wilfully violated its order.[4]

(c) Parland asserts that he cannot be liable for communicating with Millennium's customers in violation of the trial court's order because that portion of the injunction is an impermissible prior restraint on his First Amendment right to free speech. In Georgia, the general rule is that "equity will not enjoin libel and slander."[5] An interlocutory injunction restricting speech is proper only if the party seeking the injunction "show[s] that it would be irreparably harmed by [the defendant's] communications so as to justify the prior restraint on speech."[6]

After a hearing on Millennium and Brewington's motion for interlocutory injunction, the trial court concluded that Millennium and Brewington would suffer irreparable injury if Parland's actions continued. It thus enjoined Parland from disrupting their business relationships with customers or contacting their customers. Because Parland has not provided us with the transcript of the injunction hearing,[7] we assume that the testimony and evidence presented at that hearing support the trial court's determination of irreparable harm.[8] Furthermore, Parland did not appeal the order granting the interlocutory injunction, so he may not challenge its validity now.[9]

Parland's argument that testimony at the hearing on the motion for contempt did not show irreparable harm is irrelevant; Millennium and Brewington were not required to prove irreparable harm, which had already been established, at that hearing. They were required to prove only that Parland violated the trial court's order. And, as

---

[4] See *Brewton v. Rowell*, 173 Ga. App. 117, 117-118 (325 SE2d 610) (1984).

[5] (Punctuation omitted.) *Fernandez v. North Ga. Regional Med. Center*, 260 Ga. 765, 766 (1) (400 SE2d 6) (1991).

[6] *Cohen v. Advanced Med. Group of Ga.*, 269 Ga. 184, 185 (496 SE2d 710) (1998); see also *High Country Fashions v. Marlenna Fashions*, 257 Ga. 267, 268 (357 SE2d 576) (1987).

[7] It is Parland's burden to provide this court with an adequate record. See *Bragg v. Rent to Own*, 257 Ga. App. 234, 235 (1) (570 SE2d 671) (2002); *Trevino v. Flanders*, 231 Ga. App. 782 (1) (501 SE2d 13) (1998). We note that Parland specifically requested that the transcript of the hearing on the motion for contempt be included in the record on appeal, but did not request that the transcript from the prior hearing be included.

[8] See *Barrett v. Marathon Investment Corp.*, 268 Ga. App. 196, 198 (2) (601 SE2d 516) (2004); *May v. County Commrs. of Glascock County*, 227 Ga. App. 878, 879 (1) (490 SE2d 546) (1997).

[9] See *Anthony v. Anthony*, 239 Ga. 273, 275 (2) (236 SE2d 621) (1977) (a challenge to the validity of an injunction "cannot be made in a contempt proceeding to punish the violation of the injunction when there was opportunity for effective review of the injunction before it was violated").

discussed in Division 1 (b), Parland admitted to a number of conversations with Millennium's customers. This evidence was sufficient to support the trial court's conclusion.[10]

2. Parland argues that Millennium and Brewington should not have received $2,000 in attorney fees, because the award was not based on a specific statute and the amount of fees was not documented. Attorney fees may be awarded in a civil contempt action if based on specific statutory authority.[11] In its order, the trial court stated that it was awarding attorney fees based on OCGA § 13-6-11, which provides for recovery "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." Thus, the trial court gave an independent basis for the award.

Nonetheless, when awarding attorney fees, a trial court must "make express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it."[12] The trial court's November 23, 2004 order does not satisfy this requirement.[13] And the record contains insufficient evidence of the reasonableness of attorney fees incurred by Millennium and Brewington.[14] The only testimony about fees came from Brewington, who stated that he had paid $2,000 to bring the contempt action.[15] Therefore, we reverse that portion of the order relating to attorney fees and remand the case for reconsideration and the entry of appropriate findings of fact and conclusions of law in accordance with OCGA § 13-6-11.[16]

*Judgment affirmed in part, reversed in part and case remanded with direction. Johnson, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 2, 2005 —
RECONSIDERATION DENIED DECEMBER 1, 2005.

---

[10] See *Brewton*, supra.

[11] See *Norred v. Moore*, 263 Ga. App. 516, 518 (2) (588 SE2d 301) (2003).

[12] *McKemie v. City of Griffin*, 272 Ga. 843, 845 (4) (537 SE2d 66) (2000).

[13] See id.; *Mize v. Regions Bank*, 265 Ga. App. 635, 636 (2) (595 SE2d 324) (2004).

[14] See *4WD Parts Center v. Mackendrick*, 260 Ga. App. 340, 346 (2) (d) (579 SE2d 772) (2003) (award of attorney fees "improperly based on guesswork" where attorney did not introduce billing records or otherwise describe how his time had been spent).

[15] Millennium and Brewington argue that their attorney stated in his place that he had done 20 hours of work at $250 per hour. They provide no citation to the record. Assuming for the sake of argument that this would have been sufficient evidence of the reasonableness of the fees, we will nonetheless not cull the record for evidence. See *Premier/Ga. Mgmt. Co. v. Realty Mgmt. Corp.*, 272 Ga. App. 780 (1), n. 2 (613 SE2d 112) (2005).

[16] See id.; *Hall v. Monroe County*, 271 Ga. App. 895, 897 (2) (611 SE2d 120) (2005); *Montag v. Sutherland*, 230 Ga. App. 692 (498 SE2d 86) (1998).

*Robinson & Dixon, Paul T. Robinson*, for appellant.
*Teddy R. Price*, for appellees.