**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 7, 2019**

# In the Court of Appeals of Georgia

A18A1529. HARTMAN v. THE PIP-GROUP, LLC.

MCFADDEN, Presiding Judge.

The two orders on appeal are from a second round of litigation arising out of the breakdown in the commercial relationship between Jason Hartman and The PIP-Group, LLC ("PIP"). They had entered a contract for PIP to provide services to help Hartman purchase tax liens. After the relationship soured, Hartman sued PIP for, among other things, breach of the contract. PIP counterclaimed for, among other things, defamation.

One order granted PIP's motion to dismiss or for judgment on the pleadings. We affirm that order because an exculpatory clause in the parties' contract relieves PIP from liability for claims related to the contract and because Hartman's other claims are untimely.

The other order granted PIP's motion for injunctive relief, directing Hartman to remove podcasts and posts from certain websites and prohibiting Hartman from making oral or written statements about PIP that could be interpreted as defamatory or irreparably harmful. . We reverse that order because PIP has not met the heavy burden of showing that this case should be excepted from the general rule that equity will not enjoin libel and slander.

1. *Standard of review, facts, and procedural posture.*

As an initial matter, we agree with Hartman that, by considering a document outside the pleadings — the parties' agreement settling prior litigation — the trial court converted PIP's motion to dismiss or for judgment on the pleadings into a motion for summary judgment. See OCGA § 9-11-12 (c); *Cox v. Athens Regional Med. Ctr.,* 279 Ga. App. 586, 587 (631 SE2d 792) (2006) (motion to dismiss was converted to motion for summary judgment because court considered a contract between the parties). So we review the trial court's order "under the de novo standard of review applicable to orders on summary judgment, construing the evidence in a light most favorable to [Hartman], as the nonmovant." *Carter v. VistaCare, LLC*, 335 Ga. App. 616, 617 n.4 (1) (782 SE2d 678) (2016) (citation omitted).

So viewed, the record shows that PIP is a business that provides services to investors in tax liens, tax deeds, and foreclosures, among other things. On September 5, 2006, Hartman and PIP entered an agreement under which PIP agreed to serve as Hartman's agent for purposes of making tax lien investments. The parties refer to this as an agency agreement. The agreement contains a Limitation of Liability and Indemnity clause for PIP's benefit.

Hartman paid PIP to foreclose on certain unredeemed tax liens. Some time later, PIP informed Hartman that it had never received the authorization form required to move forward with the foreclosures and that his right to foreclose had expired. PIP foreclosed on one of the unredeemed tax liens in its own name.

Hartman recorded a podcast about his experience with PIP and posted the podcast on his website.

On December 31, 2014, PIP sued Hartman and his company in Fulton Superior Court for defamation and breach of contract. Hartman and his company answered the complaint and asserted a breach-of-contract counterclaim. On March 2, 2017, PIP and Hartman entered a settlement agreement under which PIP dismissed its claims with prejudice and Hartman dismissed his counterclaim without prejudice. Some time after that, Hartman reposted the original podcast and posted another podcast about PIP.

3

Within six months of the dismissal of the prior lawsuit, Hartman filed this action, alleging that PIP unlawfully converted the unredeemed tax lien and breached the agency agreement. He also alleged that PIP breached its fiduciary duties, that PIP breached the covenant of good faith and fair dealing, and that PIP was unjustly enriched by putting one property in its name. PIP answered the complaint and asserted counterclaims for defamation, defamation per se, and tortious interference with business relations.

The trial court granted PIP's motion to dismiss or for judgment on the pleadings as to Hartman's complaint, converting it, as noted above, to a motion for summary judgment. A week later, the court granted PIP's motion for temporary and interlocutory injunctive relief, ordering Hartman to remove his communications about PIP from certain websites and prohibiting him from making certain oral and written statements about PIP in the future. Hartman filed this appeal.

2. *Failure to give notice of conversion of PIP's motion to a motion for summary judgment.*

Hartman argues that the trial court erred in converting PIP's motion to dismiss or for judgment on the pleadings to a motion for summary judgment without giving him notice and an opportunity to present any materials in opposition. But it was

Hartman who presented the settlement agreement to the trial court at the hearing on PIP's motions. So any error in this regard was induced by Hartman. "It is well settled that when a party has himself induced what he subsequently assigns as error, he will not be heard to complain of it on appeal." *Price v. Hitchcock,* 174 Ga. App. 606 (330 SE2d 807) (1985). See also *RTS Landfill v. Appalachian Waste Systems, LLC,* 267 Ga. App. 56, 62 (2) (598 SE2d 798) (2004) (party can waive procedural requirements when a motion for judgment on the pleadings is converted to a motion for summary judgment by introducing evidence). And as Hartman has not included a transcript of that hearing in the appellate record, we do not know whether he objected to the trial court's procedure. Hartman has not demonstrated reversible error in this regard.

3. *Breach of contract.*

Hartman argues that the trial court erred by holding that the exculpatory clause in the agency agreement bars his claim for breach of contract and breach of the implied covenant of good faith and fair dealing, because the clause is ambiguous. We disagree.

To be enforceable, an exculpatory clause "must be explicit, prominent, clear and unambiguous." *2010-1 SFG Venture LLC v. Lee Bank & Trust Co.,* 332 Ga. App.

894, 898 (1) (a) (775 SE2d 243) (2015) (citation omitted). The clause at issue provides:

> 5. *Limitation of Liability and Indemnity*. PIP is acting solely as agent to Principal and, as such PIP shall not be liable for any acts taken or omitted to be taken in connection with this agreement, whether such acts constitute negligence, gross negligence or otherwise. Principal shall indemnify, hold harmless and defend PIP from all liability for loss, damage or injury to person or property in any manner arising out of or incident to the performance by PIP of this agreement.

That language is clear: PIP is not liable for any acts taken or not taken in connection with the agreement.[1] *Herren v. Sucher,* 325 Ga. App. 219, 222 (1) (a) (750 SE2d 430) (2013). Consequently, the trial court did not err in granting summary judgment to PIP on Hartman's breach-of-contract claim and the related claim of breach of the implied duty of good faith and fair dealing. *Ceasar v. Wells Fargo Bank, NA.,* 322 Ga. App. 529, 533 (2) (c) (744 SE2d 369) (2013) (implied covenant of good faith and fair dealing in a contract's performance "cannot be breached apart from the contract

---

[1]Although exculpatory clauses may not relieve a party from liability for acts of gross negligence as this clause purports to do, Hartman does not allege gross negligence and the trial court granted summary judgment to PIP on the basis of the exculpatory clause only on Hartman's claims for breach of contract and breach of the implied duty of good faith. See *Heiman v. Mayfield,* 300 Ga. App. 879, 882-883 (2) (686 SE2d 284) (2009).

provisions it modifies and therefore cannot provide an independent basis for liability")

(citation and punctuation omitted).

4. *Statute of limitation bar to claims for breach of fiduciary duty, unjust enrichment, and conversion.*

The trial court ruled that Hartman's remaining claims — breach of fiduciary duty, unjust enrichment, and conversion — were barred by the statute of limitation. To the extent Hartman enumerated this ruling as error, he has abandoned it by failing to support it with argument and citation of authority. "Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned." Court of Appeals Rule 25 (c) (2). Accordingly, we do "not address the propriety of the trial court's ruling in this regard." *Rollins v. LOR, Inc.*, 345 Ga. App. 832, 841 (1) (815 SE2d 169) (2018).

Hartman has sufficiently set out one argument that implicates the trial court's statute-of-limitation ruling. He argues that those remaining claims were saved from the statute-of-limitation bar by a subsection of the renewal statute, OCGA § 9-2-61 (a). So we address that argument to the extent it affects the claims for breach of fiduciary duty, unjust enrichment, and conversion. We do not address that argument in relation to the breach-of-contract and breach-of-implied-duty-of-good-faith claims because, as

discussed in Division 3, the exculpatory clause bars those claims, and we will affirm a trial court's decision if it is right for any reason. *Strickland v. Auto-Owners Ins. Co* 273 Ga. App. 662, 666 (2) (615 SE2d 808) (2005).

Hartman argues here that the trial court erred by ruling that he could not file the instant action as a renewal of the breach-of-contract counterclaim that he asserted in the prior litigation. See OCGA § 9-2-61. And in the court below, Hartman argued that those remaining claims were saved from the statute-of-limitation bar by a subsection of the renewal statute, OCGA § 9-2-61 (a) ("When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. . . .").

But assuming that Hartman could file this action as a renewal action, he could not add those remaining claims because those claims were not substantially the same as his counterclaim in the original action. The original action asserted only a claim for breach of contract. *Slier v. Greene,* 263 Ga. App. 35, 38-39 (1) (a) (587 SE2d 190) (2003) (citations omitted). See also *Auto-Owners Ins. Co. v. Hale Haven Properties,* 346 Ga. App. 39, 48 (1) (b) (815 SE2d 574) (2018) (claim to enforce allegedly stolen

8

check is not substantially the same as breach-of-contract claim); *Burns v. Dees,* 252 Ga. App. 598, 607-608 (1) (d) (557 SE2d 32) (2001) (unjust enrichment and quantum meruit claims not substantially the same as breach-of-contract claim). So Hartman could not rely on the renewal statute to save the claims for breach of fiduciary duty, conversion, and unjust enrichment from the running of the statute of limitation. *Blier,* 263 Ga. App. at 39 (1) (a).

5. *Injunction*.

Hartman argues that the trial court erred by entering the interlocutory injunction. We agree.

"Trial courts have broad discretion in deciding whether to grant an interlocutory injunction, but the power to do so shall be prudently and cautiously exercised. We will not reverse the trial court's exercise of its discretion unless a manifest abuse of that discretion is shown or unless there was no evidence on which to base the ruling." *Hipster, Inc. v. Augusta Mall Partnership*, 291 Ga. App. 273, 274 (1) (661 SE2d 652) (2008) (citations and punctuation omitted). See also OCGA § 9-5-8.

A week after the trial court granted PIP's motion to dismiss or for judgment on the pleadings, the court granted PIP's motion for temporary and interlocutory

injunctive relief. The court ordered Hartman to remove the podcasts and posts concerning PIP from his website and any website he controls, operates, or is affiliated with; to remove his posts about PIP from a website called Bigger Pockets; and to cease making any oral or written statements about PIP that could reasonably be interpreted as defamatory or possibly cause irreparable harm to PIP.

To the extent that the order forbids Hartman from making future statements about PIP, it is an impermissible prior restraint. See *Alexander v. United States,* 509 U. S. 544, 550 (113 SCt 2766, 125 LE2d 441) (1993) ("[t]he term 'prior restraint' is used to describe administrative and judicial orders forbidding certain communications when issued in advance of the time that such communications are to occur") (citation, punctuation, and emphasis omitted). To justify a prior restraint, PIP had to meet a "heavy burden to show that it would be irreparably harmed by [Hartman's] communications." *Cohen v. Advanced Med. Group,* 269 Ga. 184, 185 (496 SE2d 710) (1998). It has not met this burden.

In support of the injunction, PIP presented the affidavit of its director of operations. She testified that two potential clients stated that they could not engage PIP in a business relationship because of Hartman's online posts. She estimated that their business would have meant around $200,000 in gross revenue to PIP. This

10

evidence does not meet PIP's heavy burden of showing irreparable harm. Id.; *Hipster,* 291 Ga. App. at 275 (1).

We also find that the trial court erred by requiring Hartman to remove his past speech from certain websites because a factfinder has not decided whether Hartman's statements are false or defamatory. We have found no Georgia case upholding an *interlocutory* injunction prohibiting speech. Our Supreme Court has noted that although "it has never been held that all injunctions against publication are impermissible," such an injunction has been upheld only when it "was entered subsequent to a verdict in which a jury found that statements made by [the defendant] were false and defamatory." *High Country Fashions v. Marlenna Fashions,* 257 Ga. 267, 268 (357 SE2d 576) (1987) (citations and punctuation omitted).

PIP cites *Parland v. Millennium Const. Svcs., LLC,* 276 Ga. App. 590, 592 (623 SE2d 670) (2005), in support of the injunction. But in that case "[b]ecause Parland [did] not provide[] us with the transcript of the injunction hearing, we assume[d] that the testimony and evidence presented at that hearing support[ed] the trial court's determination of irreparable harm." Id. at 592 (1) (c) (footnotes omitted).

11

"Consistent with [Georgia's] firm policy to protect the right of free speech, we apply the general rule that equity will not enjoin libel and slander," *Cohen,* supra, 269 Ga. at 185, and reverse the grant of the interlocutory injunction.

*Judgment affirmed in part, reversed in part. Rickman and Markle, JJ., concur.*