**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**May 1, 2025**

# In the Court of Appeals of Georgia

A25A0365. PODLIN et al. v. CICHOWSKI et al.

PADGETT, Judge.

Joseph Cichowski ("Joseph")[1] filed a petition for accounting (the "Petition") under the authority of OCGA § 53-12-243 directed to Mark Podlin, the trustee of Joseph's sister's irrevocable trust. Following a hearing, the trial court granted Joseph's request for an accounting, struck and dismissed Podlin's claims against Joseph and several third-party defendants, denied Podlin's motion to dismiss the Petition, and awarded attorney fees to Joseph and the third-party defendants. A subsequent hearing was conducted as to the amount of attorney fees, following which the trial court awarded attorney fees to Joseph and the third-party defendants in the

---

[1] Joseph filed the action in his individual capacity and as the administrator of the estate of his sister, Mary Ann Cichowski Mims.

amount of $48,000. For the reasons set forth herein, we affirm in part and vacate and remand on the issue of attorney fees.

The record shows that in 2004, Mary Ann Cichowski Mims created an irrevocable trust known as the Cichowski Family Trust (the "Trust"). Podlin, who is a licensed attorney ,was Mims's neighbor, and he assisted Mims in creating the Trust. The Trust documents listed Podlin as trustee and listed Mims, Joseph, Mary A. Cichowski, Walter Cichowski, and Katherine Cichowski as beneficiaries. Mims passed away in 2022 and Joseph was appointed as the administrator of Mims's estate. Joseph made a number of requests to Podlin for an accounting of the Trust assets throughout 2022 and 2023. Joseph made those requests while unrepresented and also made requests through counsel. Podlin did not render an accounting to Joseph despite Joseph's requests. In 2023, Joseph filed the Petition under OCGA § 53-12-243 in the Superior Court of Glynn County.

In response, Podlin filed a motion to dismiss the Petition and filed a document that purported to be an answer and counterclaim against Joseph and the third-party defendants, Mary A. Cichowski, Walter Cichowski, Katherine Cichowski, Charles

Dorminy, and Dorminy's law firm.[2] Podlin also requested an award of attorney fees. Podlin did not include a copy of the Trust with any of the documents filed in response to the Petition. Joseph and the other third parties which were named in Podlin's initial answer filed a motion to dismiss the purported counterclaims under OCGA § 9-11-12 or, in the alternative, to strike under OCGA § 9-11-11.1. The trial court conducted a hearing on June 7, 2024 and, after hearing arguments from counsel for petitioners and Podlin, made a verbal pronouncement. The trial court ordered that the requested accounting be had, denied Podlin's motion to dismiss, granted the motion to strike and dismiss as to the purported third-party defendants, and granted Joseph and the third-party defendants' motion for attorney fees in an amount to be determined at a later hearing. Podlin filed a motion for reconsideration, to which was appended an alleged copy of the Trust. The written order stemming from the June 2024 hearing was entered and Podlin's motion for reconsideration was denied. Podlin then filed a motion to recuse the trial judge and vacate and set aside the June 2024 order. The trial

---

[2] As noted above, Mary, Katherine, Walter, and Joseph were all listed as beneficiaries under the Trust. Dorminy is a licensed attorney who represented the beneficiaries of the Trust in this litigation. None of the named individuals or entities were ever served with the purported counterclaim. Only Joseph was listed as the petitioner in the Petition. Therefore, Podlin could not have made a counterclaim against anyone other than Joseph.

court denied the motion to recuse but the record does not include a written order in response to Podlin's motion to set aside. The trial court conducted a hearing on the attorney fees award in July 2024 and a written order was entered which memorialized the verbal pronouncement that was made following that hearing. Podlin failed to attend the July 2024 hearing. This appeal follows.

First we note that Podlin has identified 19 enumerations of error. As to the vast majority of the enumerations, Podlin has failed to follow Court of Appeals Rule 25 (d) in that he has largely failed to include any citation to relevant authority beyond occasionally citing the standard of review or an overarching principle of law. Where an appellant lists an enumeration of error but in support of that enumeration, merely sets forth the applicable standard of review without any substantive discussion, such enumeration will be deemed abandoned. *Day v. State*, 367 Ga. App. 803, 811 (3) (888 SE2d 608) (2023). In this case, Podlin's brief largely contained

> general principles of law applicable to the issue at hand, but then simply recites his version of certain facts without ever applying any particular legal authority to the specific facts and circumstances of this case. Suffice it to say, rhetoric is not a substitute for 'cogent legal analysis, which is, at a minimum, a discussion of the appropriate law *as applied to the relevant facts.*'

*Gresham v. Harris*, 349 Ga. App. 134, 138 (1) n.9 (825 SE2d 516) (2019) (citations and punctuation omitted, emphasis in original). It is not the function of the appellate court to cull the record on behalf of a party in search of instances of error. *Resource Life Ins. Co. v. Buckner*, 304 Ga. App. 719, 740 (7) (698 SE2d 19) (2010). Instead, it is the obligation of the party asserting error to cite specific authority in support of their contentions. *de Castro v. Durrell*, 295 Ga. App. 194, 204 (3) (671 SE2d 244) (2008). Despite those deficiencies, we will attempt to address the enumerations that we can identify.

1.      Podlin argues that the trial court erred in ordering him to provide an accounting for the Trust. We disagree. A purported copy of the Trust document was attached to pleadings of both parties but no authenticated copy of the Trust has been introduced into evidence. Assuming without deciding that the copy of Trust document which was appended to the pleadings is, in fact, a true copy of the document, it lists Joseph as one of several beneficiaries. Paragraph 36 of the Trust specifically authorizes a beneficiary to periodically request and receive a statement of the financial condition of the Trust which would include a statement of principal, income, and expenses. Joseph argues that under OCGA § 53-12-243 (a), he had the

authority to request an accounting from Podlin in Podlin's role as trustee. Joseph made such a request, both directly and through counsel, but Podlin failed to provide the requested reports. Ultimately, Joseph filed the instant action to obtain the information he had sought throughout 2022 and 2023.

Podlin contends that paragraph 38 of the Trust authorized him to remove Joseph as a beneficiary. Podlin appended a document to his initial answer which purports to evidence his revocation of any interest that Joseph, Mary or Walter had in the Trust. Podlin argues that because he removed Joseph as a beneficiary of the Trust, Joseph no longer had the authority to request an accounting. However, there was no reliable evidence introduced to rebut Joseph's claim that on the date he first requested an accounting under OCGA § 53-12-243, he was a qualified beneficiary who was authorized to request such an accounting.

Podlin also argued to the trial court that Mims waived the general obligation of a Trustee to keep the beneficiaries of the Trust "reasonably informed of the trust and its administration" as contemplated in OCGA § 53-12-243 (d). Podlin advised the court that Mims "said she did not want any accountings." When asked whether those alleged directives from Mims were made in writing, Podlin told the trial court that he

received that instruction from Mims via email on three separate occasions but that he cannot locate those emails. Podlin seemed to argue that these alleged communications from Mims excused him from making an accounting of the Trust estate under OCGA § 53-12-243 (d).[3]

However, putting aside the different arguments of the parties as to whether Mims issued a written waiver of accountings or whether Joseph had legitimately been removed as a beneficiary and whether that removal occurred before or after Joseph requested an accounting, OCGA § 53-12-243 (e) specifically provides, "[n]othing in this Code section shall affect the power of a court to require or excuse an accounting."

"[A] petition for accounting does not constitute a contest to a will or a trust, because it first affirms the validity of those instruments 'in order to enforce a disposition of the estate in accordance with its terms.'" *Barry v. Barry*, 357 Ga. App. 479, 485-486 (851 SE2d 119) (2020) (citations and punctuation omitted). As noted in the statutory language of OCGA § 53-12-243 (e), the statute does not restrict the trial court's equitable authority to require an accounting, irrespective of the language of the

---

[3] OCGA § 53-12-243 (d) provides in part that the "duty of the trustee to keep the beneficiaries of the trust reasonably informed of the trust and its administration shall not apply to the extent that the provisions of the trust provide otherwise or the settlor of the trust directs otherwise in a writing delivered to the trustee."

Trust or the other facts of the case. The trial court determined that an accounting was warranted and acted within its discretion in ordering the accounting. Thus, the enumerations of error which allege that the trial court erred in ordering an accounting are meritless.

2.      The trial court awarded attorney fees in this action in the amount of $48,000. The order awarding the attorney fees noted that Joseph and the purported third-party defendants had moved for attorney fees under OCGA §§ 13-6-11, 9-15-14 and 53-12-302 (a) (4). Joseph's brief argues that the trial court did not err in awarding attorney fees under the authority of OCGA § 9-11-11.1. However, the trial court's order failed to specify which code section the attorney fees were awarded under and made no mention whatsoever of the authority found in OCGA § 9-11-11.1 (b.1).

"Generally, an award of attorney fees in Georgia must be authorized by statute or contract. Inasmuch as attorney fees generally were not recoverable at common law, a statute authorizing the recovery of such fees is strictly construed." *NRD Partners II, LP v. Quadre Investments, LP*, 364 Ga. App. 739, 741 (2) (875 SE2d 895) (2022) (citations and punctuation omitted). "[W]hen awarding attorney fees, a trial court must 'make express findings of fact and conclusions of law as to the statutory basis for

any such award and the conduct which would authorize it.'" *Parland v. Millennium Const. Svcs., LLC*, 276 Ga. App. 590, 593 (2) (623 SE2d 670) (2005).

An award of attorney fees under OCGA § 9-15-14 necessarily requires the trial court to identify whether the award is being made under subsection (a) or (b) of the statute because they authorize different types of awards for different types of alleged misconduct. "It is well settled that an order granting attorney fees under OCGA § 9-15-14 must contain express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize the award." *Matthews v. Mills*, 357 Ga. App. 214, 221 (2) (b) (850 SE2d 424) (2020) (citation and punctuation omitted). Similarly, if the trial court awarded fees under OCGA § 13-6-11, findings of fact are required that are consistent with the statute. *Parland v. Millennium Const. Svcs.*, 276 Ga. App. at 593 (2). An award under OCGA § 53-12-302 requires a finding that the underlying action established an actual or threatened breach of trust. *Kemp v. Kemp*, 337 Ga. App. 627, 634-635 (788 SE2d 517) (2016). An award of attorney fees under this statute would require additional findings of fact which were not a part of the trial court's order. If the trial court intended to award attorney fees under OCGA § 9-11-1.1 (b.1) as argued by Joseph, the trial court would need to make

this clear and determine the amount of fees awarded pursuant to the requirements of that statute. Implicit in all of these statutes is a requirement that the award be based upon a finding by the trial court that the attorneys fees are reasonable. Additionally, some of the statutes cited only authorize an award of attorney fees for sanctionable conduct that is so identified by the trial court. "The trial court's order must include findings of conduct that authorize an award under OCGA § 9–15–14, or the order must be vacated." *Porter v. Felker*, 261 Ga. 421, 422 (3) (405 SE2d 31) (1991) (citations omitted). The findings associated with an award under OCGA § 13-6-11 are very different from one made under OCGA § 9-15-14 (a) or (b). "OCGA § 13-6-11 provides for attorney fees and litigation expenses as compensatory damages, which would otherwise be awarded by a jury as part of the verdict, while OCGA § 9-15-14 provides for an award of attorney fees as a court-ordered sanction." *Birch Property Partners, LLC v. Simpson*, 364 Ga. App. 315, 329 (6) (b) n.8 (874 SE2d 814) (2022) (citations, punctuation, and emphasis omitted).

Because the trial court failed to identify which of the several different statutes were relied upon to award attorney fees and also failed to make any required findings

of fact, we vacate the award for the trial court to identify the applicable statute or statutes and to make the findings as required under that statute or statutes.[4]

3.    The remaining enumerations of error have been deemed abandoned under Court of Appeals Rule 25 (d).

*Judgment affirmed in part and vacated and remanded in part with direction. Doyle, P. J., and Markle, J., concur.*

---

[4] We note that the trial court already held a hearing on attorney fees. Podlin forfeited his right to appear at the hearing on attorney fees by not attending. Therefore, the trial court need only identify the applicable statute or statutes which authorize such an award and make any factual findings required by the applicable statute which were supported by the evidence, if any. Of course, the trial court is fully authorized to conduct another evidentiary hearing on the topic of attorney fees if desired.

11