A90A0636. LAWYERS TITLE INSURANCE CORPORATION v. NASH.
(396 SE2d 284)

COOPER, Judge.

Appellant appeals the order of the trial court granting appellee's motion for summary judgment and denying appellant's summary judgment motion in this case involving the breach of warranty of title to property.

Appellant issued a title insurance policy to Corner Cupboard Craft Shops, Inc. ("Craft Shops") insuring the property in question. Craft Shops had acquired the property from James F. Smith and Shirley M. Smith ("Smiths") who had acquired the property from appellee. Appellant argues that appellee conveyed more property than he in fact held title to in his deed to Smith and Smith in turn conveyed this additional property to Craft Shops. Craft Shops ultimately forfeited this additional property to another party, and appellant paid the resulting claim to Craft Shops. Appellant, as subrogee of the rights of Craft Shops under the policy, seeks to recover the value of this forfeited property from appellee, alleging a breach of warranty of title to Craft Shops, a successor in title to appellee. Specifically, appellant argues that the legal description of the property in the deed to appellee describes the southern boundary of the property as fronting 50 feet along an alley, whereas the deeds to Smith and Craft Shops describe the same southern boundary as fronting 100 feet along the alley. Appellant includes in the record numerous surveys, copies of the deeds and an affidavit of a title examiner to support its contention that the disputed property to which appellee did not have title was included within the description of the property that appellee conveyed and warranted in his deed to Smith and in the deed from Smith to Craft Shops. Appellee presented his own affidavit in support of his position that none of the land in the disputed area was included in the deed from appellee to Smith.

1. Although the trial court gave no explanation for its decision, it appears that one question to be determined is the sufficiency of the legal description in the deed from appellee to Smith. The sufficiency of a property description is a question of law for the court; the iden-

tity of the property is a question of fact. *McCann v. Miller*, 177 Ga. App. 53, 54 (2) (338 SE2d 509) (1985). We cannot say that the legal description at issue was insufficient as a matter of law. " 'Perfection in legal descriptions of tracts of land is not required. "If the premises are so referred to as to indicate . . . [the grantor's] intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of land therein referred to, so that its identification is practicable." [Cits.]' " Id. at 54. Further, it must be determined if the deed contains sufficient "keys" to clarify any indefiniteness in the description. *Wisener v. Gulledge*, 251 Ga. 419, 421 (306 SE2d 642) (1983). The legal description of the property contains several distance calls which are rendered indefinite by the phrase "more or less" and by running to undefined points; further, the general directional calls, such as "northwesterly" and "southeasterly," are unspecific. However, the description references a plat which contains two keys to clarify the intention of the grantor. A scale of 1 inch to 200 feet and a designation for north appear on the plat. Applying these two keys to the configurations on the plat, the exact distances and directions, as well as the property conveyed, can be identified. See *Grant v. Fourth Nat. Bank of Columbus*, 229 Ga. 855 (2) (194 SE2d 913) (1972).

2. Appellee apparently bases his motion for summary judgment on the argument that no genuine issue of material fact exists because the documents disclose that the disputed property was not included in his deed to Smith. Appellee supported his motion with a copy of the deed and his own affidavit which contains no explanation but simply restates his contention. Appellant submitted copies of all relevant documents and plats as well as an affidavit of an expert title examiner who analyzed in detail the legal descriptions to support the assertion that the disputed property was in fact conveyed by appellee. After a review of the record, we conclude that appellee did not pierce the appellant's pleadings and did not carry his burden to show that there exists no genuine issue of material fact. *Waits v. Makowski*, 191 Ga. App. 794 (1) (383 SE2d 175) (1989). Accordingly, we reverse the grant of appellee's motion for summary judgment and affirm the denial of appellant's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Birdsong, J., concur.*

DECIDED JULY 9, 1990 —
REHEARING DENIED JULY 26, 1990 — CERT. APPLIED FOR.

*Dana G. Diment, Smith, Gambrell & Russell, Robert W. Beynart, Pamela R. Masters, Cullen C. Wilkerson*, for appellant.
*Pruitt & Britt, Walter M. Britt*, for appellee.