**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 12, 2013

# In the Court of Appeals of Georgia

A13A0019. CEASAR et al. v. WELLS FARGO BANK, N.A.

MILLER, Judge.

Arvil and Christine Ceasar sued, following the foreclosure of their residence by Wells Fargo Bank, N.A., raising claims of wrongful foreclosure, negligence, breach of the covenant of good faith and fair dealing and unjust enrichment. Wells Fargo moved to dismiss the complaint for failure to state a claim, and the trial court granted Wells Fargo's motion. The Ceasars appeal, contending that the trial court erred in (1) finding that a scrivener's affidavit was sufficient to correct the typographical error in the legal description contained in the original security deed; and (2) dismissing their complaint for failure to state a claim. We discern no error and affirm.

Under OCGA § § 9-11-12 (b) (6), a motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citation and punctuation omitted.) *Anderson v. Daniel*, 314 Ga. App. 394, 395 (724 SE2d 401) (2012).

So viewed, the complaint alleged that on March 20, 2003, the Ceasars obtained a loan from CTX Mortgage Company, LLC in the amount of $176,001 on their residence located at 1155 Chris Lake Drive in Lawrenceville, Georgia. The loan was evidenced by a promissory note and security deed ("Security Deed) naming CTX as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as CTX's nominee. The Security Deed expressly provided that the property ("Property") described therein was conveyed with the power of sale, however, the legal description of the Property, which was attached as Exhibit A to the Security Deed, inadvertently referenced Lot 50, as opposed to the correct Lot number 58. The Ceasars' loan was

subsequently transferred to Wells Fargo, and a scrivener's affidavit was recorded to correct the legal description contained in the Security Deed.

The Ceasars fell behind on their mortgage payments and filed a petition for Chapter 13 bankruptcy. Wells Fargo submitted a claim in the bankruptcy proceedings based on the $176,001 loan, and was granted relief from the automatic bankruptcy stay so that it could initiate foreclosure proceedings.

In September 2009, Wells Fargo agreed to suspend foreclosure proceedings based on the Ceasars' promise to make payments under a Special Forbearance Agreement; however, the letter which Wells Fargo sent to the Ceasars regarding the agreement did not include a payment schedule or signature page. Wells Fargo subsequently notified the Ceasars that their mortgage was about to be foreclosed, and denied their application for a loan modification.

The Ceasars then contacted a non-profit assistance corporation, who filed a second loan modification application on the Ceasars' behalf. In January 2010, Wells Fargo again offered the Ceasars a Special Forbearance Agreement that required them to make eight monthly payments in the amount of $1,283.22, as well as a ninth payment in the amount of $25,450.35. Neither of the proposed forbearance

3

agreements were executed, and the Ceasars did not allege that they made any payments in accordance with the proposed agreements.

In April 2010, Wells Fargo notified the Ceasars that their request for a loan modification had been declined. A few days later, Wells Fargo sent the Ceasars a letter requesting additional financial information in order to determine how best to help the Ceasars keep their home. Over the next three months, the Ceasars continued to pursue mortgage assistance via telephone and sent all requested information.

In August 2010, the HOPE NOW Alliance, which is a partnership between mortgage companies and non-profit housing counselors, notified the Ceasars of the relief options with Wells Fargo that might be available. HOPE NOW unsuccessfully worked with Wells Fargo on the Ceasars' behalf from August 2010 through November 2010.

In early 2011, the Ceasars submitted a third application for a loan modification, which Wells Fargo denied. Thereafter, Wells Fargo notified the Ceasars in writing that their request for workout options had also been denied and no other actions would proceed because their loan was "still active in a bankruptcy." Wells Fargo subsequently conducted a foreclosure sale on the Ceasars' property and obtained a writ of possession against the Ceasars.

1. The Ceasars contend that the trial court erred in finding that the scrivener's affidavit was sufficient to correct the typographical error in the legal description of the Property, which was attached as an exhibit to the Security Deed. We disagree.

> Perfection in legal descriptions of tracts of land is not required. If the premises are so referred to as to indicate the grantor's intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of land therein referred to, so that its identification is practicable.

(Citations and punctuation omitted.) *Lawyers Title Ins. Corp. v. Nash*, 196 Ga. App. 543, 544 (1) (396 SE2d 284) (1990). Moreover, a typographical error in a security deed does not necessarily invalidate the legal description. See *Grant v. Fourth Nat. Bank*, 229 Ga. 855, 862 (2) (194 SE2d 913) (1972) (upholding property description in security deed where typographical error inaccurately recited "northwesterly" direction, rather than "northeasterly" direction).

Here, the legal description attached to the Security Deed inadvertently referenced lot 50, as opposed to the correct lot number 58. This single typographical error did not invalidate the property description, however, because the Security Deed

5

also specifically referred to the property by its physical address—1155 Chris Lake Drive, Lawrenceville, Georgia, the correct land lot and district and the recorded plat of the subdivision in which the property is located. See *Grant*, supra, 229 Ga. at 860-861 (1); *Nash*, supra, 196 Ga. App. at 544 (1). Accordingly, the Security Deed sufficiently described the Property, and reformation of the deed was not required.[1]

2. The Ceasars contend that the trial court erred in dismissing their complaint for failure to state a claim. We do not agree.

a. Wrongful Foreclosure

"When a power of sale [in a security deed] is exercised all that is required of the foreclosing party is to advertise and sell the property according to the terms of the instrument, and that the sale be conducted in good faith." (Citation and punctuation omitted.) *Kennedy v. Gwinnett Commercial Bank*, 155 Ga. App. 327, 330 (1) (270 SE2d 867) (1980); see also *Griffin Builders v. Synovus Bank*, __ Ga. App. __, *8 (1) (Case No. A12A2291, decided March 12, 2013). A foreclosure sale may only be set aside in equity when "the price realized is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other

---

[1] We note that in cases where reformation is required, a deed may be reformed even after foreclosure to correct typographical errors. See *Aames Funding Corp. v. Henderson*, 275 Ga. App. 323, 326 (620 SE2d 503) (2005).

circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price." (Citation and punctuation omitted.) *Kennedy*, supra, 155 Ga. App. at 330 (1).

Here, the Ceasars failed to state a claim for wrongful foreclosure. Notably, the Ceasars did not allege that the power of sale provision in the Security Deed was ambiguous, that the Property was not advertised and sold according to the terms of the Security Deed, or that the price realized at the foreclosure sale was grossly inadequate. The Ceasars also failed to state a claim for wrongful foreclosure based on the proposed special forbearance agreements, because those agreements specifically provided that the provisions of the Security Deed remained in full force and effect, and that the agreements did not constitute a waiver of Wells Fargo's right to strict performance. Compare *Atlanta Dwellings v. Wright*, 272 Ga. 231, 234 (527 SE2d 854) (2000) (holding that questions remained regarding whether forbearance agreement and lender's course of conduct constituted waiver of strict performance of security deed). Moreover, contrary to the Ceasars' contention, payment or tender of the principal and interest due on their loan was a prerequisite to their claim to set aside the foreclosure sale. See *Hill v. Filsoof*, 274 Ga. App. 474, 475 (1) (618 SE2d 12) (2005). Since the Ceasars admittedly fell behind on their mortgage payments, and

7

they did not tender the balance due on their loan, the trial court did not err in dismissing their wrongful foreclosure claim.

b. Negligence

The essential elements of a negligence claim are the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages. Thus, the threshold issue in a negligence action is whether and to what extent the defendant owes a legal duty to the plaintiff . . . . A legal duty sufficient to support liability in negligence is either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of our appellate courts.

(Citations and punctuation omitted.) *Boller v. Robert W. Woodruff Arts Ctr., Inc.*, 311 Ga. App. 693, 695-696 (1) (716 SE2d 713) (2011). Here, the Ceasars failed to allege any cognizable statutory or common law legal duty that Wells Fargo allegedly breached., Notably, Wells Fargo had no duty to modify the Ceasars' loan or Security Deed. Moreover, Wells Fargo owed no duty of care to the Ceasars under the federal Home Affordable Modification Program ("HAMP"). See *U.S. Bank, N. A. v. Phillips*, 318 Ga. App. 819, 826 (3) (734 SE2d 799) (2012) (holding that homeowners have no

8

private cause of action for negligence under HAMP). Accordingly, the trial court did not err in dismissing the Ceasars' negligence claims.

c. Breach of the implied covenant of good faith and fair dealing.

"Every contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement." *Secured Realty & Investment v. Bank of North Georgia*, 314 Ga. App. 628, 630 (1) (b) (725 SE2d 336) (2012). "The implied covenant modifies and becomes part of the provisions of the contract, but the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability." *Myung Sung Presbyterian Church v. North American Assn. of Slavic Churches & Ministries*, 291 Ga. App. 808, 810 (2) (662 SE2d 745) (2008). Because the Ceasars did not assert a breach of contract claim, their claim for breach of the implied covenant of good faith and fair dealing failed as a matter of law. See *Phillips*, supra, 318 Ga. App. at 825 (2) (debtor could not maintain claim for breach of implied covenant of good faith and fair dealing absent valid breach of contract claim).

d. Unjust Enrichment

Unjust enrichment is an equitable principle that may apply when there is no legal contract between the parties. See *Georgia Dept. of Community Health v. Data*

*Inquiry*, LLC, 313 Ga. App. 683, 687 (2) (722 SE2d 403) (2012); *Georgia Tile Distrib. v. Zumpano Enters.*, 205 Ga. App. 487, 488 (1) (422 SE2d 906) (1992). Here, the Ceasars' claims arise from a written contract—the Security Deed—which they attached to their complaint and incorporated therein. The existence of this written contract precludes the Ceasars' unjust enrichment claim. See *Bogard v. Inter-State Assurance Co.*, 263 Ga. App. 767, 770 (589 SE2d 317) (2003).

In sum, reformation of the Security Deed was not necessary to correct the typographical error in the Property's legal description, and the Ceasars failed to state a claim against Wells Fargo upon which relied could be granted. Accordingly, the trial court properly dismissed the Ceasars' complaint.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*