In the Supreme Court of Georgia

Decided: May 19, 2016

S16A0362. JOHNSON et al. v. HOLMES.

THOMPSON, Chief Justice.

In this quiet title action, appellants appeal from a judgment awarding appellee clear title to a two acre parcel of land located in the Hog Hammock Subdivision on Sapelo Island, Georgia. Because the deed upon which appellee relies does not contain a valid description of the property, we reverse.

During the 1950's, Richard J. Reynolds exchanged multiple parcels of land in the Hog Hammock Subdivision on Sapelo Island for equal acreage in the Raccoon Bluff Subdivision. One of these land exchanges concerned the two acre parcel at issue in this case. Purporting to convey the two acre parcel, Reynolds executed a deed in favor of Ronister Johnson in 1957.

Ronister Johnson was the oldest of sixteen siblings. Appellants are the heirs of many of those siblings. Appellee, Edna Holmes, is Johnson's granddaughter and the daughter of Eldora Cabral, who filed this lawsuit asserting exclusive title to the two acre parcel before she died. Cabral was given

a deed to the property from Johnson's estate and she gave a deed to appellee.

The 1957 deed which Reynolds delivered to Johnson described the property to be conveyed as follows:

> All that certain tract or parcel of land containing 2 acres, more or less, situate, lying and being in the 1312th G. M. District, McIntosh County, Georgia, being in the Hog Hammock Subdivision and shown on the map of said Subdivision as a portion of Lot No. 28, and shown on the map of said Subdivision as "2 acres additional Johnson Estate", to which said map reference is made for all purposes.

The deed was recorded anonymously in 1979. It appears in Deed Book 87, page 749. A hand drawn rendering was recorded the same day. It appears on page 750 of Deed Book 87. (See Exhibit A attached hereto.) The drawing is unsigned, undated and bears no label or description. It makes no reference to the Hog Hammock Subdivision; it simply purports to show "2 acres additional Johnson estate" within boundary lines bearing the number "28." No map of the Hog Hammock Subdivision has been found.

Reynolds died in 1964 and his land holdings passed to his wife, Annemarie Schmidt Reynolds. Five years later, in 1969, Mrs. Reynolds arranged for the State of Georgia and the Sapelo Island Research Fund ("SIRF") to purchase all of her Sapelo Island property. Multiple conveyances of Mrs.

2

Reynolds' Sapelo Island property followed and by 1976 Mrs. Reynolds no longer owned any real estate on Sapelo Island.

In 1982, amid concerns about the adequacy of the legal description in the 1957 deed, Johnson approached SIRF and requested a replacement for the 1957 deed. SIRF agreed to execute a replacement deed and, after an unexplained delay, it executed such a deed in 1992 in favor of Johnson and those Johnson siblings who were still in life at that time. That deed, upon which appellants rely to support their claims to the property, was recorded in due course.

The trial court appointed a special master to hear this matter in 2013. The special master entered his report finding the 1957 deed was adequate when viewed in light of extrinsic evidence, adding that, in any event, appellee established title by prescription. The trial court adopted the special master's findings and entered judgment in favor of appellee, but only on the ground that the 1957 deed was sufficient to convey the property to appellee's predecessors in title. It made no ruling with regard to prescriptive title; nor did it reach any conclusion as to the efficacy of the 1992 deed. This appeal followed.

On its face, the description in the 1957 deed is insufficient to identify the property purportedly conveyed to Ronister Johnson. Of course, a deed can

3

incorporate extrinsic material, such as a map or plat, by reference and where it does, "such map or plat will ordinarily be considered as incorporated in the deed itself." Spencer v. Poole, 207 Ga. 155, 156 (60 SE2d 371) (1950). See also Talmadge Bros. v. Interstate Building & Loan Assoc., 105 Ga. 550 (31 SE 618) (1898) ("The reference in the deed . . . to the map . . . made such a map a part of the description, and put subsequent purchasers upon inquiry to ascertain what was the description in such map."). In this case, however, the reference to the map of the Hog Hammock Subdivision fails because no such map has been found and the hand drawn rendering recorded with the deed is not that map. Moreover, even if it can be said that the hand drawn rendering was referenced and incorporated in the deed, it would not provide a key to the location of the property because it bears no indicia showing it was in existence at the time of the execution of the deed. See Hancock v. Gumm, 151 Ga. 667, 679 (107 SE 872) (1921) (deed which referenced "lot 5 of the O. F. Kauffman plat" was not sufficient to put a purchaser on notice of a building restriction where lot 5 was purchased in February 1909 and the Kauffman plat was made in May 1909 and filed in May 1909). See also Laurens County Bd. of Ed. v. Stanley, 187 Ga. 389, 389-390 (200 SE 294) (1938) (to identify the land attempted to be

4

conveyed "the key must lead to the establishment and the location of boundaries as of the time of the execution of the conveyance [and a] survey to be made in the future does not do so."). The rendering not only fails to indicate when it was made, it does not show who made it or caused it to be made. See Bunger v. Grimm, 142 Ga. 448, 451 (83 SE 200) (1914) (comparing the admissibility of an ancient map of public interest with a landowner's map of his premises and noting that a reason for excluding a survey of land made under the direction and for the convenience of the owner when offered on his behalf or those claiming under him is "that it might benefit men to include in such surveys more land than belonged to them"). It follows that, as in Stanley, supra, the deed fails for want of an adequate description.

Appellee posits that even if the words contained in the description are insufficient, the deed is valid because the rendering, when coupled with an 1891 survey of Sapelo Island, is sufficient to establish the grantor's intent. We cannot accept this contention because, simply put, there is no key in the deed or in any plat or survey referenced in the deed. Compare Lawyers Title Ins. Corp. v. Nash, 196 Ga. App. 543 (1) (396 SE2d 284) (1990) (description references plat which contains two keys, a scale and a designation for north, to identify the

property conveyed).

The trial court erred in concluding that the description in the 1957 deed was sufficient. Accordingly, we reverse the trial court's judgment. Because the trial court reached no conclusions with regard to appellee's prescriptive title claim or appellants' claims based on the 1992 deed, we do not address the merits of these issues. See Isaacson v. House, 216 Ga. 698, 705 (119 SE2d 113) (1961) (a matter not decided by the trial court will not be reviewed in the Supreme Court). See also Harbuck v. Houston Co., 284 Ga. 4 (662 SE2d 107) (2008) (only the trial court has authority to render a final decision in a quiet title action); Steinichen v. Stancil, 281 Ga. 75, 76 (635 SE2d 158) (2006) (trial court must independently evaluate correctness of special master's report before adopting it as the judgment of the trial court). Rather, we remand this case for further proceedings consistent with this opinion.

Judgment reversed and case remanded for further proceedings. All the Justices concur.

6

87/750



## EXHIBIT A

Recorded May 17, 1979.