[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12832
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-03649-RWS

CHRISTOPHER M. HUNT, SR.,

Plaintiff-Appellant,

versus

NATIONSTAR MORTGAGE, LLC,
DEUTCHE BANK NATIONAL TRUST COMPANIES,
ALLBERTELLI LAW,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 11, 2017)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Hunt, Sr., proceeding *pro se*, appeals (1) the denial of his motion for default judgment; (2) the denial of his motions to remand this removed action to state court; (3) the grant of Nationstar Mortgage, LLC's ("Nationstar") and Deutsche Bank National Trust Companies's ("Deutsche Bank") (collectively "the defendants") motion to dismiss; (4) the grant of the defendants' motion to stay deadlines; and (5) the denial of his motions for sanctions.  On appeal, Hunt argues that the defendants were in default because they failed to timely respond to his complaint after he properly served them in accordance with Supreme Court precedent, the Federal Rules of Civil Procedure, and Georgia law.  He argues that the district court erred in denying his motions to remand because (1) Albertelli Law ("Albertelli"), another defendant named in Hunt's complaint, was properly joined as a defendant, (2) Nationstar and Albertelli are both citizens of Georgia, and so are not diverse from Hunt, and (3) the court did not have jurisdiction over the instant case because the defendants were in default in state court.  Hunt also argues that his complaint, which raised claims regarding the defendants' foreclosure on Hunt's home, stated a claim for relief.  Finally, Hunt argues that the district court abused its discretion in (1) denying his motions for sanctions against the defendants and (2) granting the defendants' motion to stay deadlines while the defendants' motion to dismiss was pending.

2

I.

We review a district court's denial of a motion for default judgment for an abuse of discretion. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). The entry of a default is appropriate where a party against whom relief is sought has failed to plead or otherwise defend against a complaint. Fed. R. Civ. P. 55(a). Where the plaintiff's complaint does not request a sum certain, he or she must request a default judgment from the court. Fed. R. Civ. P. 55(b)(2). A default judgment should be used sparingly as it "is a drastic remedy which should be used only in extreme situations." *Mitchell*, 294 F.3d at 1316–17. We prefer that cases be heard on the merits "rather than resorting to sanctions to deprive a litigant of his day in court." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Under the Federal Rules of Civil Procedure, a plaintiff must serve process on a corporation by delivering the summons and complaint to an officer or authorized agent, or by complying with any means allowed under state law. Fed. R. Civ. P. 4(h)(1). Sending copies of the summons and complaint to defendants by certified mail may be done in addition to delivering the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment

3

or by law to receive service of process.  Fed. R. Civ. P. 4(h)(1)(B).  Under Georgia's Civil Practice Act, service of process must be made on a corporation by personally serving "the president or other officer of such corporation or foreign corporation, managing agent thereof, or a registered agent thereof."  O.C.G.A. § 9-11-4(e)(1)(A).  However, if service on the listed agents cannot be had, the Georgia secretary of state is deemed an agent of the corporation for purposes of service of process.  *Id.*  To perfect service on the secretary of state, the plaintiff must deliver a copy of the process to the secretary of state or other agent designed by the secretary of state "along with a copy of the affidavit to be submitted to the court pursuant to [the Civil Practice Act]."  *Id.*  The plaintiff must also:

> certify in writing to the Secretary of State that he or she has forwarded by registered mail or statutory overnight delivery such process, service, or demand to the last registered office or registered agent listed on the records of the Secretary of State, that service cannot be effected at such office, and that it therefore appears that such corporation or foreign corporation has failed either to maintain a registered office or to appoint a registered agent in [Georgia]. Further, if it appears from such certification that there is a last known address of a known officer of such corporation or foreign corporation outside [of Georgia], the plaintiff shall, in addition to and after such service upon the Secretary of State, mail or cause to be mailed to the known officer at the address by registered or certified mail or statutory overnight delivery a copy of the summons and a copy of the complaint.

*Id.*

The district court did not abuse its discretion in denying Hunt's motion for default judgment because Hunt's attempts to perfect service on the defendants did not comply with Rule 4(h) and Georgia law.  Fed. R. Civ. P. 4(h)(B); O.C.G.A. § 9-11-4(e)(1)(A).  Because Rule 4(h)(1) requires in person service on defendant-corporations, Hunt's attempt to serve the defendants by certified mail alone was not sufficient under Rule 4(h)(1).  Fed. R. Civ. P. 4(h)(1)(B).  Additionally, even assuming Hunt could serve the defendants through Albertelli, his attempts to serve Albertelli were ineffective.  Hunt did not properly serve Albertelli through its receptionist because (1) she was not an authorized agent for service of process and (2) she did not accept service.  Although the record suggests that Albertelli's registered agent for service was not located at the Georgia address for receipt of service, Hunt did not show that he complied with the requirements for alternative service through the Georgia secretary of state's office, O.C.G.A. § 9-11-4(e)(1)(A).

## II.

A district court's denial of a motion to remand to state court, after removal, is reviewed *de novo*.  *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case.  28 U.S.C. § 1441(a).  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . .

citizens of different States." 28 U.S.C. § 1332(a)(1). When a case is removed to federal court based on diversity jurisdiction, it must be remanded to state court if there is not complete diversity between the parties. *See Henderson*, 454 F.3d at 1281.

For a natural person, citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). A corporation is a citizen of its state of incorporation as well as the state in which it has its principal place of business. *See id.* For purposes of diversity jurisdiction, a limited liability company is "a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). A national association is a citizen of the state designated in its articles of association as its main office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). "[T]he burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2001).

"[W]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-

diverse defendant and deny any motion to remand the matter back to state court."
*Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quotation omitted).  Fraudulent joinder can be established under two circumstances: (1) when there is no possibility that the plaintiff can establish a cause of action against the non-diverse defendant; or (2) the plaintiff fraudulently pleaded jurisdictional facts specifically to bring the action in state court and defeat diversity jurisdiction in federal court.  *Id.*  The removing party must make such a showing by clear and convincing evidence.  *Henderson*, 454 F.3d at 1281.  "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff."  *Stillwell*, 663 F.3d at 1333 (quotation omitted).  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Id.* (quotation omitted).

In determining whether a possibility exists that the plaintiff could state a claim against the resident defendant, we look "to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court."  *Id*. at 1334.  Under Georgia law, fair notice of the nature of the claim is all that is

7

required, and the elements of most claims can be pled in general terms. *Bush v. Bank of N.Y. Mellon*, 720 S.E.2d 370, 374 (Ga. Ct. App. 2011).

Under Georgia law, the four elements for any tort action are duty, breach of that duty, causation, and damages. *McKenna Long & Aldridge, LLP v. Keller*, 598 S.E.2d 892, 894 (Ga. Ct. App. 2004). In an action for negligence against an attorney, the element of duty requires that a lawyer-client relationship existed between the defendant and plaintiff. *See id.* at 894–95 (2004).

The district court did not err in denying Hunt's motions to remand. Hunt's argument that removal was improper because the defendants were in default in state court fails because the superior court had not yet ruled on his motion for default judgment when the defendants removed to the district court. Thus, the defendants were able to remove because the state action was still pending. 28 U.S.C. § 1441(a). Furthermore, the district court did not err in finding that Hunt fraudulently joined Albertelli as a defendant. The basis for Hunt's claim against Albertelli is that, even after Hunt informed Albertelli that the foreclosure proceedings on his home were improper, it continued to represent the defendants, so Albertelli was liable for its clients' misdeeds. That theory of liability is not cognizable under Georgia law because Albertelli did not owe Hunt, a non-client, any duty. *See McKenna Long & Aldridge, LLP*, 598 S.E.2d at 894–95. Ignoring Albertelli's citizenship, the remaining defendants are diverse from Hunt. *Taylor*,

8

30 F.3d at 1367; *Rolling Greens MHP, L.P.*, 374 F.3d at 1022; *Wachovia Bank*, 546 U.S. at 318. Additionally, the value of the equitable relief Hunt requests exceeds the amount in controversy requirement. 28 U.S.C. § 1332(a)(1). Thus, the district court had diversity jurisdiction over the instant case. *Id.* § 1332(a)(2).

## III.

District court rulings on Rule 12(b)(6) motions to dismiss are reviewed *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *see Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating "we read briefs filed by *pro se* litigants liberally").

To survive a rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 US 662, 678 (2009). "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff must provide more than labels and conclusions to show she is entitled to relief. *Id.*

9

The statute of limitations for fraud in Georgia is four years. *Hamburger v. PFM Capital Mgmt., Inc.*, 649 S.E.2d 779, 784 (Ga. Ct. App. 2007). If the gravamen of the action is actual fraud, "the statute of limitations is tolled until the fraud is discovered or by reasonable diligence should have been discovered." *Id.* The statute of limitations for a breach of contract claim in Georgia is six years, which accrues from the time of breach, not the time damages result or are discovered. O.C.G.A. § 9-3-24; *Dillon v. Reid*, 717 S.E.2d 542, 547 (Ga. Ct. App. 2011). The statute of limitations for an action to void a contract on the ground of duress is seven years. *Mehdikarimi v. Emaddazfuli*, 490 S.E.2d 368, 369 (Ga. 1997). Mortgagors have no duty to modify a mortgage loan. *See Ceasar v. Wells Fargo Bank N.A.*, 744 S.E.2d 369, 374 (Ga. Ct. App. 2013). A mortgagor engages in dual tracking by pursuing foreclosure on the mortgagee's property while simultaneously considering the mortgagee for a mortgage loan modification. *See Chadwick v. Bank of Am., N.A.*, 616 F. App'x 944, 949 (11th Cir. 2015). There is no cause of action under Georgia law for dual tracking, and Georgia courts have rejected claims regarding foreclosure pursued simultaneously with loan modification negotiations under theories of wrongful foreclosure, promissory estoppel, and breach of an implied covenant of good faith and fair dealing. *See Sparra v. Deutsche Bank Nat. Trust Co.*, 785 S.E.2d 78, 83 (Ga Ct. App. 2016);

10

*Caesar*, 744 S.E.2d at 372–74; *U.S. Bank v. Phillips*, 734 S.E.2d 799, 801, 803–04 (Ga. Ct. App. 2012).

"Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Such pleadings make "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). We have repeatedly condemned the use of shotgun pleadings. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

A district court must *sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*). However, a district court need not allow even a *pro se* plaintiff leave to amend where amendment would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.*

11

The district court did not err in dismissing Hunt's complaint for failure to state a claim. Hunt's claims for breach of contract, fraud, and duress are time-barred because the limitations period for these claims had run. O.C.G.A. § 9-3-24; *Hamburger*, 649 S.E.2d at 784; *Mehdikarimi*, 490 S.E.3d at 369. Additionally, Hunt failed to state a claim by asserting that the defendants failed to grant him a loan modification because mortgagors do not owe a duty to grant a loan modification to the mortgagee. *See Ceasar*, 744 S.E.2d at 374. Furthermore, he failed to allege any facts in his complaint to support a claim for dual tracking, and, even if he had alleged sufficiently alleged dual tracking, Georgia does not recognize such a claim as a cognizable cause of action. *See Sparra*, 785 S.E.2d at 83; *Caesar*, 744 S.E.2d at 372–74; *U.S. Bank*, 734 S.E.2d at 801, 803–04. Additionally, the district court did not err in dismissing Hunt's complaint with prejudice. Though Hunt would generally be entitled to at least one opportunity to amend his complaint, *see Bank*, 928 F.2d at 1112, any amendment here would be futile because his claims are either time barred or not cognizable, *Cockrell*, 510 F.3d at 1310.

Because the claims alleged in Hunt's complaint fail to state a claim, we do not consider whether his complaint constitutes an improper shotgun pleading.

12

IV.

A district court's decision on how to maintain its docket is reviewed only for an abuse of discretion. *J.D. Pharm. Distribs., Inc. v. Save-On-Drugs & Cosmetics Corp.*, 893 F.2d 1201, 1209 (11th Cir. 1990). A district court's denial of a motion for Rule 11 sanctions is reviewed for an abuse of discretion. *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001). District courts have wide discretion to control their dockets. *J.D. Pharm. Distribs., Inc.*, 893 F.2d at 1209.

"Rule 11 sanctions are properly assessed when a party files a pleading: (1) "that has no reasonable factual basis"; (2) "that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law"; or (3) is "in bad faith for an improper purpose." *Id.* (internal quotation marks omitted). In considering a motion for sanctions under Rule 11, we conduct a two-step inquiry, asking: (1) whether the non-moving party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous. *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995). In deciding whether the claims are objectively frivolous, we must "determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (internal quotation marks omitted).

13

The district court did not abuse its discretion in granting the defendants' motion to stay deadlines while their motion to dismiss was pending because the defendants' motion to dismiss could have resolved the issues before the district court and obviated the defendants' need to comply with other deadlines. *J.D. Pharm. Distribs., Inc.*, 893 F.2d at 1209. The district court did not abuse its discretion in denying Hunt's motions for sanctions because the defendants' claims that Hunt failed to perfect service of process were not frivolous. *Jones*, 49 F.3d at 695. Thus, the defendants' response to Hunt's second motion to remand was not without a factual basis, based on a meritless legal theory, or in bad faith, so sanctions against the defendants' counsel were not appropriate. *Massengale*, 267 F.3d at 1301.

Accordingly, we affirm.

**AFFIRMED.**