[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10398

Non-Argument Calendar

_____

CHRISTOPHER M. HUNT, SR.,

Plaintiff-Appellant,

*versus*

NATIONSTAR MORTGAGE,

DEUTSCHE BANK NATIONAL TRUST COMPANY,

JAY BRAY,

CEO Nationstar,

CHRISTIAN SEWING,

CEO Deutsche,

ALBERTELLI LAW, et al.,

2                    Opinion of the Court                    21-10398

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02359-TWT

_____

Before ROSENBAUM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Christopher M. Hunt, Sr., proceeding *pro se*, appeals following the district court's dismissal of his civil complaint arising out of his 2006 purchase of residential property located in Atlanta, Georgia (the "Property").  Hunt purchased the Property using proceeds from a loan that he eventually defaulted on, which prompted Nationstar Mortgage, LLC ("Nationstar"), then servicer of the loan, to seek a non-judicial foreclosure on the Property.  After filing or being named in a variety of related lawsuits,[1] Hunt filed the instant *pro se* complaint in Georgia state court in June 2020 and named as defendants Nationstar, the Deutsche Bank National Trust

_____

[1] *See, e.g., Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938 (11th Cir. 2017) (unpublished) ("*Hunt I*"); *Hunt v. Nationstar Mortg., LLC*, 779 F. App'x 669 (11th Cir. 2019) (unpublished); *Hunt v. Nationstar Mortg.*, LLC, 782 F. App'x 762 (11th Cir. 2019) (unpublished); *Deutsche Bank Tr. Co. Am., as Tr. for Fifteen Piedmont Ctr. v. Hunt*, 783 F. App'x 998 (11th Cir. 2019) (unpublished).

21-10398                Opinion of the Court                3

Companies ("Deutsche Bank"), and Jay Bray, the CEO of Nationstar. He alleged that they had committed, *inter alia*, mortgage fraud and wrongful foreclosure in violation of federal laws, including the Sarbanes-Oxley Act and the Dodd-Frank Act.[2] The district court denied a variety of preliminary motions filed by Hunt; dismissed, without prejudice, the complaint as to defendant Bray for failure to effect proper service; and dismissed, with prejudice, the complaint as to Deutsche Bank and Nationstar, because it was a "shotgun" pleading, was barred by *res judicata*, and failed to state a claim upon which relief could be granted.[3] After thorough review, we affirm.

I.

Whether a court has subject-matter jurisdiction, including removal jurisdiction, is a question of law that we review *de novo*. *See McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013). We also review *de novo* a denial of a motion to

---

[2] Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745 (hereinafter "Sarbanes-Oxley Act"), and the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010) (hereinafter "Dodd-Frank Act").

[3] Hunt also named Christian Sewing, the Chief Executive Officer ("CEO") of Deutsche Bank, as a defendant, but he later voluntarily dismissed him. And after filing the complaint, Hunt sought to add yet another defendant, the Albertelli Law Firm ("Albertelli Law"). Bray, Sewing and Albertelli Law have not filed any briefs on appeal.

remand to state court. *Conn. State Dental Ass'n v. Anthem Health Plans*, 591 F.3d 1337, 1343 (11th Cir. 2009).

A district court's decision regarding the indispensability of a party is reviewed for abuse of discretion. *United States v. Rigel Ships Agencies, Inc.*, 432 F.3d 1282, 1291 (11th Cir. 2005). We will disturb a district court's refusal to change venue only for a clear abuse of discretion. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996). We also review the district court's denial of a motion for recusal for abuse of discretion. *Jenkins v. Anton*, 922 F.3d 1257, 1271 (11th Cir. 2019).

We review a district court's grant of a motion to dismiss for insufficient service of process, under Rule 12(b)(5), by applying a *de novo* standard to questions of law, and a clear error standard to the court's findings of fact. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). But when a party fails to object to a magistrate judge's findings or recommendations in a report and recommendation, he "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1. Under the circumstances, we review a claim on appeal only "for plain error," if "necessary in the interests of justice." *Id.*

We review the dismissal of a "shotgun" pleading under Rule 8 for abuse of discretion. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). When appropriate, we will review a district court's dismissal for failure to state a claim under Rule 12(b)(6) *de novo*. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056–57 (11th Cir. 2007). We will also review a dismissal

based on *res judicata de novo. Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000). We review *de novo* a district court's conclusions on collateral estoppel, but review its legal conclusion that an issue was actually litigated in a prior action for clear error. *Richardson v. Miller*, 101 F.3d 665, 667–68 (11th Cir. 1996).

While *pro se* pleadings are liberally construed, issues not briefed on appeal are normally forfeited and we will generally not consider them. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant can abandon a claim by: (1) making only passing reference to it; (2) raising it in a perfunctory manner without supporting arguments and authority; (3) referring to it only in the "statement of the case" or "summary of the argument"; or (4) referring to the issue as mere background to the appellant's main arguments. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014). In addition, if a district court's order rested on two or more independent, alternative grounds, the appellant must challenge all of the grounds to succeed on appeal. *See id.* at 680. When an appellant fails to challenge on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed. *See id.*

II.

Liberally construed, Hunt's brief on appeal seeks to challenge the district court's decisions: (1) denying remand of his case to state court and denying his request to file an amended complaint adding another defendant, Albertelli Law; (2) denying his request

to transfer the case; (3) denying his request to disqualify the judge; (4) dismissing, without prejudice, his complaint as to defendant Bray for failure to effect proper service; and (5) dismissing his complaint, with prejudice, as to Deutsche Bank and Nationstar. To be sure, Hunt's arguments about these decisions by the district court are not clearly stated. But even if we were to assume that he has preserved his arguments on appeal, they fail on the merits.

First, we are unpersuaded by Hunt's arguments that the district court should have allowed him to file an amended complaint to add another party to the suit, which would have deprived the federal court of jurisdiction, and should have remanded the case to state court. Federal courts have diversity-of-citizenship jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). A corporation is a citizen of every state where it was incorporated and the one state in which it has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 133, 137 (2014); 28 U.S.C. § 1332(c)(1). A defendant may remove any civil action brought in a state court to a federal district court that has original jurisdiction over the action. 28 U.S.C. § 1441(a). The removing party bears the burden of proving that removal jurisdiction exists. *McGee*, 719 F.3d at 1241.

Here, the district court did not err in denying Hunt's motion to remand. As we've held in a previous appeal, his motion was based on his belated and fraudulent attempts to join Albertelli Law, in an effort to defeat the district court's diversity jurisdiction. *See Hunt I*, 684 F. App'x. at 942-44. However, Hunt asserted federal

claims in his complaint, so the district court had jurisdiction in any event. 28 U.S.C. § 1441(a). Accordingly, the district court correctly denied Hunt's requests to remand the case and acted within its discretion to deny joinder. *Rigel Ships Agencies, Inc.*, 432 F.3d at 1291.

We also find no merit to Hunt's claims that the district court should have transferred venue of his lawsuit. A district court may transfer a civil action to any other district or division where it may have been brought "for the convenience of the parties and witnesses, and in the interest of justice." *Robinson*, 74 F.3d at 260 (quoting 28 U.S.C. § 1404(a)). But in this case, the district court did not err because Hunt did not provide any cognizable reason for a transfer. It appears that Hunt's transfer request was based on his belief that case law in the United States District Court for the Middle District of Georgia would be more favorable to him -- which is not a legitimate reason for transfer. *See* 28 U.S.C. § 1404(a).

Similarly, we reject Hunt's argument that the district court judge should have recused himself. A judge must *sua sponte* recuse himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). "Ordinarily, a judge's rulings in the same or a related case may not serve as

the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990). "The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *Id.* "The exception to this rule is when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party. Mere friction . . . however, is not enough to demonstrate pervasive bias." *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002) (quotation marks omitted).

As the record before us makes clear, no "objective, disinterested, lay observer fully informed of the facts underlying" these circumstances "would entertain a significant doubt about the judge's impartiality." *Parker*, 855 F.2d at 1524. Accordingly, the district court did not abuse its discretion in denying Hunt's request for recusal or disqualification.

Nor do we find any merit to Hunt's argument that the district court erred in dismissing the complaint against defendant Bray for lack of proper service. When a federal court is considering the sufficiency of process after removal, it does so by looking to the state law governing process. *See Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985). Georgia law provides that service made "outside the state" of Georgia is to be done "in the same manner as service is made within the state." O.C.G.A. § 9-10-94. Under Georgia law, service on natural persons is to be made "personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some

person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized . . . to receive service of process." O.C.G.A. § 9-11-4(e)(7).

Notably, Hunt does not dispute these proposed findings set forth by the magistrate judge's Report and Recommendation ("R&R"), that Hunt: (1) mailed service to Bray; and (2) completed "corporate service" on Deutsche Bank, which Hunt asserted was also effective to serve Bray. 11th Cir. R. 3-1. But, as the district court determined, Georgia law applied here and required personal service in these circumstances. *Albra*, 490 F.3d at 829; O.C.G.A. § 9-11-4(e)(7). Bray therefore was not properly served under Georgia law, and, for that reason, the district court did not err in dismissing Hunt's suit without prejudice as to Bray.

Finally, we find no error in the district court's denial of injunctive relief and its dismissal of Hunt's complaint against the two remaining defendants, Nationstar and Deutsche Bank. A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on "shotgun" pleading grounds. *Shabanets*, 878 F.3d at 1295. We have described four types of "shotgun" complaints: (1) those containing multiple counts where each count adopts all allegations of all preceding counts; (2) those replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those asserting multiple claims against multiple defendants without

specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "Shotgun" pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by failing to, in one degree or another, give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Shabanets*, 878 F.3d at 1294–96.

We generally require district courts to allow a litigant at least one chance to remedy any deficiencies before dismissing the complaint with prejudice, where a more carefully drafted complaint might state a claim. *See id.*; *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). But it need not grant leave to amend the complaint when further amendment would be futile. *Silberman*, 927 F.3d at 1133.

Under federal law, *res judicata*, or claim preclusion, bars a subsequent action if "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Jang*, 206 F.3d at 1148–49 & n.1 (quotation marks omitted). We have held that "if a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, the two cases are really the same 'claim' or 'cause of action' for purposes of *res judicata*." *Baloco v. Drummond Co., Inc.*, 767 F.3d 1229, 1247 (11th

Cir. 2014) (quotation marks omitted and alterations adopted). "In addition, *res judicata* applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the nucleus of operative fact" that could have been raised in the prior case. *Id.* (quotation marks omitted and alterations adopted).

Collateral estoppel, or issue preclusion, "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). Thus, "[c]ollateral estoppel is appropriate only when the identical issue has been fully litigated in a prior case." *In re McWhorter*, 887 F.2d 1564, 1567 (11th Cir. 1989) (quotation marks omitted). "The party seeking to invoke collateral estoppel bears the burden of proving that the necessary elements have been satisfied." *Id.* at 1566. "[C]hanges in the law after a final judgment [generally] do not prevent the application of *res judicata* and collateral estoppel, even though the grounds on which the decision was based [may be] subsequently overruled." *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1503 (11th Cir. 1984).

To safeguard investors in public companies and restore trust in the financial markets, Congress enacted the Sarbanes-Oxley Act of 2002, 116 Stat. 745. *See* S. Rep. No. 107-146, pp. 2–11 (2002). The Act contains several provisions, including a whistleblower protection provision which prohibits a publicly traded company or its officers from discharging an "employee" for providing information to a supervisory authority about conduct that the employee

"reasonably believes" constitutes a violation of federal laws against mail fraud, wire fraud, bank fraud, securities fraud, any SEC rule or regulation, or any provision of federal law relating to fraud against shareholders. *See* 18 U.S.C. § 1514A(a)(1).

The Dodd-Frank Act whistleblower provision provides protection to individuals who provide "information relating to a violation of the securities laws to the" Securities and Exchange Commission ("SEC"). 15 U.S.C. § 78u-6(a)(6). Thus, "[t]o sue under Dodd-Frank's anti-retaliation provision, a person must first provide information relating to a violation of the securities laws to the [SEC]." *Dig. Realty Trust, Inc. v. Somers*, 138 S. Ct. 767, 772–73 (2018) (quotation marks omitted and alterations adopted).

In his brief on appeal, Hunt does not expressly address the lower court's "shotgun" pleading determination, and, as a result, the district court's dismissal of the complaint is due to be affirmed. *Sapuppo*, 739 F.3d at 681–82. But in any event, the district court did not err in finding that his complaint was a "shotgun" pleading. As the record reflects, the complaint consisted of three numbered paragraphs that spanned paragraphs and pages; failed to isolate claims by defendants; and largely failed to discuss any facts -- thereby falling into several of our identified categories of prohibited "shotgun" pleadings. *Weiland*, 792 F.3d at 1321-23.

The district court also was correct that amendment would have been futile. For one, *res judicata* and collateral estoppel barred Hunt's claims for breach of contract and fraud, since Hunt sued the same parties for the same alleged breach of contract and

fraud in several prior cases.  *See, e.g.*, *Hunt I*, 684 F. App'x at 944.[4] These decisions were final judgments and were "rendered by a court of competent jurisdiction," "on the merits," against the same parties, and "the prior and present causes of action [were] the same." *Jang*, 206 F.3d at 1149.

Moreover, even if some of Hunt's claims had not been explicitly presented in any of his prior cases, they would still be barred by *res judicata* because every claim arose from the same facts as each of his prior cases, and he could have raised them in any of the prior proceedings. *Baloco*, 767 F.3d at 1247.  Also, despite Hunt's arguments, there have been no "changes in the law" that would "prevent the application of *res judicata* and collateral estoppel" in this case. *Precision Air Parts*, 736 F.2d at 1503.

In addition, Hunt's claims under the Sarbanes-Oxley Act and Dodd-Frank Act were futile because they fail to state a claim upon which relief could be granted.  As the record reflects, Hunt did not allege that he was an "employee" under the Sarbanes-Oxley Act, nor that he "provide[d] information relating to a violation of the securities laws to the [SEC]" as required under the Dodd-Frank Act.

---

[4] To the extent that Hunt challenges the district court's decisions under Fed. R. Civ. P. 60(b), we conclude that he has not identified any "extraordinary circumstances" entitling him to relief, and the district court did not abuse its discretion in this respect. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (quotation marks omitted).

*Somers*, 138 S. Ct. at 772–74.  Accordingly, Hunt did not state a cause of action under these statutes, and we affirm.

AFFIRMED.[5]

---

[5] All of Hunt's pending motions, which he filed after we imposed a filing restriction on him, are DENIED to the extent they request any relief.

For their part, Nationstar and Deutsche Bank have filed renewed motions for sanctions, requesting monetary sanctions against Hunt for his numerous motions before this Court under 11th Cir. R. 27-4.  Hunt is *pro se* and we DENY the motions for sanctions at this time.  *See Woods v. I.R.S.*, 3 F.3d 403, 404 (11th Cir. 1993) ("There can be no doubt that this is a frivolous appeal and we would not hesitate to order sanctions if appellant had been represented by counsel.  However, since this suit was filed *pro se*, we conclude that sanctions would be inappropriate.").  Although we are reluctant to impose sanctions on *pro se* appellants, we warn Hunt that our Court has imposed sanctions in circumstances like these, even for *pro se* litigants, and he is strongly cautioned against bringing any further frivolous motions or claims.  *See Ricket v. United States*, 773 F.2d 1214, 1216 (11th Cir. 1985) (imposing sanctions on a *pro se* appellant who had been warned by the district court that the issues on appeal were frivolous).